OPINION OF THE COURT
Hortense Gabel, J.
The petitioner has moved under CPLR article 78 for an order reinstating her to her former position of employment with the respondent Rockaway Community Corporation (Rock-away) and for back pay.
*179 The respondent Rockaway opposes this petition on the ground that the petitioner’s employment was properly terminated. The respondents Community Development Agency (CDA) and Council Against Poverty (CAP) oppose the petition on the ground that no privity of contract exists between the petitioner and each of them and, therefore, they owe no obligation to the petitioner.
The respondents CDA and CAP are Federally funded public local agencies. In turn, CDA contracted for grants with independent private nonprofit corporate entities such as respondent Rockaway to implement antipoverty programs.
In this situation, no liability for employment practices may be imposed upon New York City agencies where these agencies have no control over the employment practices of private independent corporations which administer such antipoverty programs. (Lane v Greenidge, NYLJ, May 26, 1976, p 13, col 2; Berry v City of New York, Human Resources Admin., NYLJ, March 22, 1974, p 15, col 2.) Moreover, no principal-agency relationship has been created between them. (Senak Furniture v City of New York, NYLJ, July 17, 1972, p 13, col 2.)
Article 111(f) of the contract between Rockaway and the respondent agencies is indicative of Rockaway’s independent control over employment practices. It provides in part: "Non-Liability of the Agency. All personnel of the Contractor shall be within the employ of the Contractor only, which alone shall be responsible for their work, the direction thereof, and their compensation. Nothing in this agreement shall impose any liability or duty on the Agency or the City for the acts, omissions, liabilities or obligations of the Contractor * * * Without limiting the foregoing, the Agency or the City shall not be liable for any payment made or any obligation incurred in connection with the discharge of any employee by the Contractor.”
Thus, it is clear that no liability may be imposed upon the respondents CDA and CAP. The petition as against them is therefore dismissed.
The petition against the remaining respondent, Rockaway, must also be dismissed, since a proceeding under CPLR article 78 is not maintainable against that respondent.
Article 78 provides for judicial review of a determination made by a "body or officer” — a public body or a public officer. *180 However, since Rockaway is a private, not-for-profit corporation, it is not a "body or officer” within the purview of CPLR 7802 (subd [a]). Thus, this action is actually one to enforce private rights against a private corporation based in contract for which an article 78 proceeding is not the proper remedy. (Matter of Newman v Smith, 263 App Div 85, 88, affd 289 NY 545; Matter of Waxenbaum v Seward Park Housing Corp., 24 Misc 2d 35.)
Moreover, while Rockaway was required by contract to grant a hearing upon proposed termination of an employment, this was a matter of agreement between Rockaway and CDA. A violation of this agreement by Rockaway might give rise to penalties against Rockaway but does not give petitioner the right to seek relief under article 78. (Lane v Greenidge, supra.) At best, the petitioner as a third-party beneficiary, may be entitled to commence a plenary action for breach of contract against Rockaway, but this court is not called upon to rule thereon. (Matter of Waxenbaum v Seward Park Housing Corp., supra.)