■ HORACE FOSTER, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 12, 1988, which, *inter alia,* deemed this action to be a CPLR article 78 proceeding and dismissed the action as time barred under the four-month Statute of Limitations (CPLR 217), unanimously affirmed, without costs.

Plaintiff commenced this action against the City of New York in 1975 to challenge his 1969 dismissal from employment with Project RESCU, a community action organization which was a Federally funded grant program administered in affiliation with the Housing and Development Administration, a then existing city agency.

After many years of inactivity, this action was transferred to Civil Court pursuant to CPLR 325 (d) in 1983. In 1986, plaintiff moved to restore the action to the Trial Calendar of that court and to increase the ad damnum clause to $2 million. That motion was denied without prejudice and plaintiff was directed to seek relief in Supreme Court. Accordingly, in April 1988, plaintiff brought the instant motion in Supreme Court, seeking to retransfer the action to Supreme Court pursuant to CPLR 325 (b), to restore the action to the Trial Calendar and to increase the ad damnum clause, this time to $10 million. In response, the defendant city cross-moved for summary judgment dismissing the complaint, asserting, *inter alia,* that the action should properly be deemed an article 78 proceeding, and that since it was commenced well beyond the four-month period for bringing such a proceeding (CPLR 217), the action should be dismissed as barred by the Statute of Limitations.

The IAS court granted plaintiff's motion to transfer the action to Supreme Court and then granted the city's cross

motion, holding that the action should be deemed an article 78 proceeding since "[p]laintiff is challenging an administrative determination to terminate his employment". Based on the record before us, we agree with the IAS court's characterization of the action and affirm the dismissal.

As can be gleaned from the sparse record, plaintiff alleges that he was employed by Project RESCU commencing December 1965. The complaint describes Project RESCU as a private organization that was later placed under the aegis of the New York City Housing and Development Administration (HDA) in 1967, and claims that a purported agreement was made between RESCU and HDA governing the employment rights of RESCU personnel. Plaintiff alleges that in November 1968 a determination was made by HDA officials to terminate his employment, effective January 21, 1969, and that said termination, being made without a statement of charges or a hearing, was wrongful.

Plaintiff seeks to couch his action in terms of a breach of the 1967 contract between RESCU and HDA. However, nowhere does plaintiff provide a copy of this contract or any accurate summary of its contents. The minimal discovery conducted by plaintiff sheds little light on this matter. In the city's response to interrogatories and in the 1983 depositions of an HPD (successor agency to HDA) personnel official and a Project RESCU personnel official, it was disclosed that no such contract was found despite a diligent search of the files and that there was no recollection of any hearing procedure between either the city or HDA and RESCU regarding termination of RESCU employees.

The vagueness concerning this stale claim, brought six years after plaintiff's termination and now over 20 years old, is further evidenced by the fact that the record is completely unclear regarding the status and functions of RESCU, how it was funded, or how the program was administered or otherwise related to the city and HDA.

What is clear, however, is the manner in which plaintiff characterizes his own claims. The complaint alleges that plaintiff was in the employ of the defendant—i.e., the City of New York—and that defendant, again, that is, the City of New York, terminated his employment. It is also apparent from the sparse record that the plaintiff's hiring and firing as a RESCU employee were directly the responsibility of city officials acting in their official capacities. Included in the sparse submission by the plaintiff is an internal memorandum *written by an HDA Deputy Commissioner to another city*

*official,* indicating that plaintiff should be fired for insubordination and other employment difficulties. Accordingly, the IAS court was fully justified in its opinion by stating that "[b]ased on plaintiff's view of what occurred", the action is not grounded on any vague contract but is properly an article 78 proceeding against the city. Furthermore, the gravaman of plaintiff's claim, that he was fired by the city without notice of the charges, a hearing, or other due process, presents the classic formulation of an article 78 proceeding and "whether the determination was made in violation of lawful procedure, was affected by error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]).

The cases that plaintiff relies on in support of his contention that his claim properly lies as a contract action and not an article 78 proceeding are inapposite. *(E.g., Matter of Scott v Rockaway Community Corp.,* 92 Misc 2d 178; *Lane v Greenidge,* NYLJ, May 26, 1976, at 13, col 2 [Sup Ct, Kings County].) These cases hold that in situations where private community organizations directly controlled the hiring and firing of employees, no liability for the organizations' employment practices could be imposed on the City of New York in an article 78 proceeding even though the organizations were funded by the city, since the city had no control over employment practices. Here, the gravaman of plaintiff's complaint is that *the city* controlled his employment with RESCU and improperly exercised that control.

Accordingly, plaintiff's action was properly deemed an article 78 proceeding and found to be time barred under the applicable Statute of Limitations, and the order is affirmed. Concur—Ross, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.