■ REGINALD ANTOINE MABRY, Appellant, v NEIGHBORHOOD DEFENDER SERVICE, INC., et al., Respondents. [930 NYS2d 193]—

Plaintiff failed to show that he was likely to succeed on the merits, that he would suffer an irreparable and imminent injury if the injunction were withheld, and that the equities balanced in his favor (*see Doe v Axelrod*, 73 NY2d 748 [1988]). The record is devoid of any specific factual allegations or evidence to support plaintiff's claims of employment discrimination based on age and disability. Moreover, defendant Neighborhood Defender Service (NDS) demonstrated a legitimate nondiscriminatory reason for plaintiff's termination: an overall cost-cutting reorganization during which his entire department was eliminated and replaced by an outside vendor (*see Cuccia v Martinez & Ritorto, P.C.*, 61 AD3d 609, 610 [2009], *lv denied* 13 NY3d 708 [2009]).

Nor does the record support plaintiff's claim that his discharge was retaliatory because it occurred on the same day as the filing of his complaint. To the contrary, plaintiff remained employed with NDS despite having filed claims with the Equal Employment Opportunity Commission and in federal court ap-

proximately two years before bringing this action (*see Allen v St. Cabrini Nursing Home, Inc.*, 198 F Supp 2d 442, 450 [SD NY 2002], *affd* 64 Fed Appx 836 [2d Cir 2003], *cert denied* 540 US 1154 [2004]).

Plaintiff has not shown irreparable harm, since he will be entitled to reinstatement and back pay if he prevails on the merits and his termination is annulled (*see Matter of Valentine v Schembri*, 212 AD2d 371 [1995]). Moreover, absent extraordinary circumstances, feelings of degradation and humiliation and damage to reputation and self-esteem do not constitute irreparable harm for the purposes of injunctive relief (*see Stewart v U.S. I.N.S.*, 762 F2d 193, 199-200 [1985]).

Plaintiff has not shown that the equities balance in his favor. If the injunction is withheld and plaintiff ultimately succeeds on the merits, he can be fully compensated for his loss. However, if NDS is forced to pay both plaintiff's salary and the aforementioned outside vendor's fees and then prevails on the merits, it is unlikely to be able to obtain compensation for its loss (*see Winkler v Kingston Hous. Auth.*, 238 AD2d 711, 713 [1997]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.