■ In the Matter of Lee L. Holzman, Appellant, v Commission on Judicial Conduct, Respondent. [938 NYS2d 893]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered September 13, 2011, denying the petition seeking, inter alia, to stay the disciplinary proceedings brought against petitioner by respondent pending the resolution of the criminal prosecution of a witness to the disciplinary proceedings, and

dismissing the proceeding brought pursuant to CPLR article 78, and order, same court and Justice, entered on or about September 22, 2011, which, upon renewal, adhered to the prior determination, unanimously affirmed, without costs.

Denial of the petition and dismissal of the proceeding was warranted because petitioner failed to exhaust the administrative remedy available to him pursuant to Judiciary Law § 44 (7) (*see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 195 [2007]). Petitioner has not demonstrated that doing so would be futile or that irreparable harm would occur absent judicial intervention (*see Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 322 [2003]; *Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 88 AD3d 72, 81 [2011]). The alleged "possibility of reputational harm" does not constitute irreparable injury warranting the relief sought by petitioner (*Martinez 2001 v New York City Campaign Fin. Bd.*, 36 AD3d 544, 551 [2007]; *see Mabry v Neighborhood Defender Serv., Inc.*, 88 AD3d 505, 506 [2011]). Concur—Friedman, J.P., DeGrasse, Richter and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32451(U).]**