Hughey v Metropolitan Transp. Auth. (2018 NY Slip Op 02129)





Hughey v Metropolitan Transp. Auth.


2018 NY Slip Op 02129


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


654427/16 6099 6098

[*1]Edward Hughey, etc., Plaintiff-Appellant,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents.


Law Office of Edgar Pauk, Brooklyn (Edgar Pauk of counel), of counsel), for appellant.
Proskauer Rose LLP, New York (Myron D. Rumeld of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered March 16, 2017, dismissing the complaint, pursuant to an order, same court and Justice, entered on or about February 17, 2017, which granted defendants' motion to dismiss the complaint as time-barred pursuant to CPLR 217(1), unanimously affirmed, without costs. Appeal from order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff retired at age 63.49 in 2013, from a position with the Long Island Rail Road, an MTA subsidiary. Commuter rail employees, such as plaintiff, receive Tier II pension benefits after the requisite years of service under the Railroad Retirement Act. In addition, MTA employees receive pension benefits from the MTA Pension Plan. The MTA Pension Plan, at Article 3.07(a)(ii), had an offset provision that reduced the amount of benefits payable under the Plan by the benefits "which would be payable to the Member involved at age 62 under Tier II.'"
Article 6.02 of the Plan conferred on its Board of Managers "sole and absolute discretionary authority to [interpret the Plan, decide any dispute and all matters arising in connection with the operation or administration of the Plan, and] decide questions, including legal and factual questions, relating to the calculation and payment of benefits under the Plan."
Plaintiff sought review of the Board's determination of his pension benefits because his actual retirement age of 63.49 was used in the calculation, rather than the benefits that would be payable if he had retired at age 62, a difference of $160.83 per month.
The Board denied plaintiff's appeal in a letter dated February 29, 2016, noting that Article 3.07(ii) of the Plan provided that the offset commenced when the Tier II benefit became payable. Since plaintiff's Tier II benefit was not payable at age 62, because he was still an active employee, the amount of the offset was determined when he actually retired.
While plaintiff originally brought this matter as a plenary action asserting that defendants breached a contract to provide him with the pension benefits that he was entitled to under the MTA's Pension Plan, the gravamen of plaintiff's claim as ultimately presented to the motion court was a review of the Board's administrative determination interpreting the pension plan. Consequently, the motion court properly concluded that this matter was in the nature of an article 78 proceeding, and subject to the four-month statute of limitations (see Purcell v City of New York, 110 AD3d 535, 535-536 [1st Dept 2013], lv denied 22 NY3d 859 [2014]; Leon v New York City Employees' Retirement Sys., 240 AD2d 186 [1st Dept 1997], lv denied 90 NY2d 812 [1997]; Frontier Ins. Co. v State of New York, 87 NY2d 864, 868 [1995]; Foster v City of New [*2]York, 157 AD2d 516, 518 [1st Dept 1990).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK