Berrio v City of New York (2023 NY Slip Op 00388)

Berrio v City of New York

2023 NY Slip Op 00388

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 154336/19 Appeal No. 17212 Case No. 2021-03466 

[*1]Michelle Berrio, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents, John and/or Jane Does 1, 2, 3, etc., Defendants.

Beldock Levine & Hoffman, LLP, New York (Deema Azizi of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about June 16, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' cross motion to dismiss the claims for violations of the New York State Constitution, false imprisonment, defamation, slander per se, and liability under the doctrine of respondeat superior, unanimously affirmed, without costs.
Plaintiff's claim for false imprisonment is barred by the doctrine of collateral estoppel (see generally Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]), as it has been determined in a prior federal action that defendants had probable cause to arrest and detain plaintiff (see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; Gann v City of New York, 197 AD3d 1035, 1036 [1st Dept 2021]). "Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel can still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims" (Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 23 [1st Dept 2014]). Here, contrary to plaintiff's contention, the federal court addressed, and rejected, plaintiff's argument that probable cause dissipated after the officers viewed the video footage of the assault (see Berrio v City of New York, 2019 WL 1437585, *5, 2019 US Dist LEXIS 55993, *12-13 [SD NY, Mar. 29, 2019, No. 15-cv-09570 [ALC]).
Plaintiff has no private right of action to recover damages for violations of the New York State Constitution, as the alleged wrongs could be redressed by her common-law claim for false imprisonment (see Martinez, 97 NY2d at 83; Lyles v State of New York, 2 AD3d 694, 695 [2d Dept 2003], affd 3 NY3d 396 [2004]).
Plaintiff failed to state claims for defamation and slander per se, as the alleged statements released to the media outlets that plaintiff had been arrested for a hate crime and would be arraigned were substantially true when they were made (see Franklin v Daily Holdings, Inc., 135 AD3d 87, 94 [1st Dept 2015]; Silverman v Clark, 35 AD3d 1, 12 [1st Dept 2006]). As alleged, at the time the statements were made, the victim had not yet recanted her identification of plaintiff as the assailant, and plaintiff was still in police custody.
Plaintiff's claim for respondeat superior liability against the City was properly
dismissed, absent any surviving substantive causes of action (see Marshall v Darrick E. Antell, MD, P.C., 147 AD3d 478 [1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023