Almodovar v City of New York (2024 NY Slip Op 50475(U))

[*1]

Almodovar v City of New York

2024 NY Slip Op 50475(U)

Decided on April 25, 2024

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2024
Supreme Court, New York County

Jason Almodovar, Plaintiff,

against
The City of New York, THE NEW YORK CITY POLICE DEPARTMENT, MICHAEL MELOCOWSKY, JOHN DOES, Defendant.

Index No. 150953/2023

Jimmy Wagner, Esq. for Plaintiff
Bryan Carr Olert, Esq. for Defendant

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 17, 18, 19, 20, 22, 23, 25 were read on this motion to/for DISMISSAL.
In this action, Defendants the City of New York (the "City"), the New York City Police Department (the "NYPD"), and Michael Melocowsky ("Melocowsky") (collectively identified as "Defendants") move, pursuant to CPLR § 3211(a)(7), to dismiss Plaintiff Jason Almodovar's ("Plaintiff") complaint. Plaintiff opposes the motion. For the reasons stated herein, Defendants' motion is granted.
BACKGROUND
Plaintiff was a police officer for the NYPD for sixteen and a half years (NYSCEF Doc No. 1 ¶ 14, verified complaint).[FN1]
During that time, he was never professionally "penalized and/or suspended" (id. ¶ 16). He was also never asked to receive a vaccine as a condition of his employment (id. ¶ 15). In October 2021, as a result of the COVID-19 pandemic, the [*2]Commissioner of Health and Mental Hygiene promulgated an order directing City employees to show proof of COVID-19 vaccination or apply for a reasonable accommodation to be exempt therefrom (the "Vaccine Mandate") (see Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain City Contractors [October 20, 2021], available at 
https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf
[last accessed April 15, 2024]). Sometime in 2021 or 2022, Plaintiff applied for a reasonable accommodation from the COVID-19 vaccine mandate (NYSCEF Doc No. 1 ¶ 17).[FN2]
Plaintiff is a "devout Christian" who believes that he is "created in God's image" (NYSCEF Doc No. 1, verified complaint ¶ 20; NYSCEF Doc No. 19, Wagner affirmation ¶ 3). Plaintiff's request was denied because of "undue hardship" (NYSCEF Doc No. 1, verified complaint ¶ 24). Plaintiff alleges that this denial was "in a discriminatory fashion," "predetermined . . . because of his faith," while "many other workers were routinely allowed to work wearing masks or taking weekly tests," but that these options "were never offered to [him]" (id. ¶¶ 17, 25, 27-28). Plaintiff further alleges that he "told NYPD he was prepared to accept numerous accommodations, so long as he could keep his job, including masking and participating in weekly testing," but the NYPD failed to engage him in a cooperative dialogue (id. ¶ 26, 29.) Finally, Plaintiff asserts that the NYPD "constructively terminated" him on June 3, 3022 (id. ¶ 69).
Plaintiff filed a notice of claim on August 15, 2022, and commenced this action on January 1, 2023, by filing a summons and complaint. Defendants now move, pursuant to CPLR § 3211(a)(7), to dismiss the complaint for failure to state a cause of action. Defendants contend that (1) the NYPD is not a suable entity, (2) the complaint fails to allege any actionable personal involvement by Melocowsky, (3) the action is time-barred because, to the extent Plaintiff is challenging the NYPD's decision to deny his reasonable accommodation request, the action should have been brought under Article 78, (4) Plaintiff cannot bring a claim for employment discrimination under the New York State Constitution, (5) Plaintiff does not adequately allege the elements of a breach of contract claim, and (6) Plaintiff fails to allege a bona fide religious belief that would entitle him to an accommodation from the City's vaccination requirements. 
Plaintiff opposes the motion and contends that: (1) Melocowsky should not be dismissed as a defendant in this action; (2) Plaintiff sufficiently alleged a sincerely held religious belief; (3) Defendants do not dispute that they failed to engage in a cooperative dialogue; (4) Defendants discriminated against Plaintiff by failing to accommodate him; (5) Plaintiff may seek declaratory judgment for his and the public's benefit; (6) Plaintiff has stated a cause of action for violation of the Free Exercise Clause; (7) the New York State Constitution does provide a private right of action; (8) Plaintiff's contract claim is not vague or conclusory; (9) Plaintiff has sufficiently alleged Melocowsky is liable for aiding and abetting; (10) Plaintiff's claims for attorney's fees should not be dismissed; and (11) the NYPD is a suable entity.
In reply, Defendants reiterate their moving arguments and further assert that Plaintiff abandoned his claim that Melocowsky is individually liable under the New York State Human Rights Law ("NYSHRL") and Plaintiff's reasonable accommodation claim must be brought under Article 78 and is time-barred. After the motion was fully submitted, Defendants submitted [*3]a letter directing the court to the decision in Matter of Marstellar v City of New York, 217 AD3d 543, issued on June 20, 2023, which held that the City's process for resolving COVID-19 vaccine accommodation requests was rational and not a violation of the New York City Human Rights Law ("NYCHRL"). Plaintiff contends that this case is distinguishable from Mastellar because Plaintiff has not brought an Article 78 proceeding. Defendants disagree and contend that Marstellar addresses the very policies and decisions that Plaintiff is challenging in this action.

 DISCUSSION
When considering a motion to dismiss under CPLR § 3211(a)(7), a court must accept the factual allegations of the pleadings as true, affording the non-moving party the benefit of every possible favorable inference and determining "only whether the facts as alleged fit within any cognizable legal theory" (see D.K. Prop., Inc. v Natl. Union Fire Ins. Co. of Pittsburgh, 168 AD3d 505 [1st Dept 2019]; Weil Gotshal & Manges LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267 [1st Dept 2004]). Notwithstanding, "bare legal conclusions and factual claims, which are either inherently incredible or flatly contradicted by documentary evidence are not presumed to be true on a motion to dismiss" (Vig v New York Hairspray Co., 67 AD3d 140, 145 [1st Dept 2009]). A motion to dismiss should therefore be granted unless "from [the pleading's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (McGill v Parker, 179 AD2d 98, 105 [1st Dept 1992], quoting [Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
As an initial matter, this action must be dismissed against the NYPD because City agencies are not legally cognizable entities and therefore are not proper parties. Pursuant to Chapter 17, Section 396 of the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law" (NY City Charter § 396). There is no exception for the NYPD (McCullough v City of NY, 2022 NY Slip Op 33098[U], *7 [Sup Ct, NY County 2022]). Therefore, the NYPD is not a proper party to the action, and the motion to dismiss the complaint as against it is granted.
Next, Plaintiff's complaint should have been brought as an Article 78 proceeding, insofar as he is challenging the denial of his reasonable accommodation request, and as such, is now time-barred. "Article 78, as established by The New York State Legislature, is the vehicle through which administrative determinations may be judicially reviewed" (Nespoli v Bd. of Trustees of the New York City Employees' Retirement System, 2021 NY Slip Op 31603[U], *2 [Sup Ct, NY County 2017]). The substance of a claim, rather than its form, determines the applicable law (Foster v City of New York, 157 AD2d 516, 518 [1st Dept 1990]. "If the gravamen of a claim falls within the scope of Article 78, that claim must be brought as an Article 78 proceeding even if it was commenced under some other legal theory" (Nespoli v Bd. of Trustees of the New York City Employees' Retirement System, 2021 NY Slip Op 31603[U], *2 [Sup Ct, NY County 2017]; see Duffy v City of New York, 452317/2020, 2021 WL 4076944, at *1 [Sup Ct, NY County 2021] ["while plaintiff's claims are brought as a breach of an employment agreement and tortious interference . . . the gravamen of plaintiff's complaint seeks to review the HHC's administrative determination to terminate plaintiff's employment . . . [and] should have been brought as an article 78 proceeding"]; Todras v City of New York, 11 AD3d 383, 384 [1st Dept 2004]["Inasmuch as plaintiff's claims are fundamentally premised upon the contention that the administrative determinations terminating his employment and denying him [*4]line of duty injury status were wrongful, they should have been brought in a proceeding pursuant to CPLR article 78"]; Foster v City of New York, 157 AD2d 516, 518 [1st Dept 1990] ["the gravamen of plaintiff's claim that he was fired by the city . . . presents the classic formulation of an article 78 proceeding"]).
Here, the gravamen of Plaintiff's complaint is a challenge the NYPD's decision denying his request for reasonable accommodation. As set forth in the preliminary statement to Plaintiff's complaint, "Plaintiff is challenging the NYPD's denial of a Religious Accommodation request" (NYSCEF Doc No. 1, verified complaint ¶¶ 9, 24). Accordingly, to the extent Plaintiff now seeks to overturn the NYPD's decision, he should have brought a special proceeding under Article 78 within four-months of receiving the determination. Plaintiff commenced this action on January 31, 2023, over eight-months after the NYPD's denial on May 18, 2022, and as such is now time-barred. Accordingly, Plaintiff's causes of action challenging the NYPD's determination must be dismissed as time-barred.
A. Religious Discrimination Under NYSHRL and NYCHRL
With respect to religious discrimination, Plaintiff's bare bones complaint contains few factual allegations to support his claims, and instead relies on legal conclusions that Plaintiff was constructively terminated because of his faith, was entitled to a reasonable accommodation, or that the City's process for handling accommodation requests related to the vaccine mandate, including Plaintiff's request, did not meet the requirements outlined in the NYCHRL concerning cooperative dialogue.
To plead a cause of action for employment discrimination under the NYSHRL, Plaintiff must allege: (1) he is a member of a protected class, (2) he was qualified to hold the position, (3) that he was terminated from employment or suffered adverse employment action, and (4) that the termination or adverse employment action occurred under circumstances giving rise to an inference of discrimination (Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). For the purposes of a motion to dismiss, Plaintiff's allegation that he was employed by the NYPD for sixteen and a half years without professional penalization or suspension is sufficient to plead that he had an employment relationship and that he was qualified to hold the position. Plaintiff has also sufficiently pled that he is a member of a protected class, and he was constructively discharged for failure to comply with the vaccine mandate (NYSCEF Doc No. 1, verified complaint ¶¶ 1, 34).
However, with respect to the final element, Plaintiff pleads only that "when he refused to get vaccinated, the NYPD constructively terminated his employment" (id. ¶ 35). No additional facts are alleged that give rise to an inference of religious discrimination. Plaintiff does not advance any facts regarding the period after the denial of his reasonable accommodation request and before the constructive termination to show that the termination was discriminatory or an act of retaliation, nor does he allege any remarks or actions by decisionmakers to show discriminatory intent (Brown v City of New York, 188 AD3d 518, 519 [1st Dept 2020]; Whitfield-Ortiz v Dep't of Educ. of City of New York, 116 AD3d 580, 581 [1st Dept 2014]. Plaintiff also doesn't draw any connection between his religion as a "devout Christian" and his alleged constructive termination (see Currid v The City of New York, 2024 NY Slip Op 30222[U], *2 [Sup Ct, NY County 2024]["[i]n his verified complaint, Plaintiff does not set factual allegations regarding a conflict between the vaccine mandate and his bona fide religious beliefs"]). [*5]Accordingly, Plaintiff has not pled facts that give rise to an inference of discrimination, and Plaintiff's legal conclusions are insufficient to state a cause of action under the NYSHRL.
Under the NYCHRL, it is unlawful discriminatory practice "for an employer or an employee or agent thereof, because of the actual or perceived . . . creed . . . to discharge from employment such person or . . . to discriminate against such person in compensation or in terms, conditions or privileges of employment" (Administrative Code of City of NY § 8-107[1][a]). The elements of a discrimination claim under the NYCHRL largely mirror the NYSHRL, except that Plaintiff does not need to plead that he suffered an adverse employment action, only that he was treated differently than other employees under circumstances giving rise to discrimination (Herrington v Metro-N. Commuter R. Co., 118 AD3d 544, 544 [1st Dept 2014]; Askin v Dep't of Educ. Of City of New York, 110 AD3d 621, 622 [1st Dept 2013]). With respect to the treatment of other employees, Plaintiff alleges only that "many other workers were routinely allowed to work wearing masks or taking weekly tests" (NYSCEF Doc No.1, verified complaint ¶ 25). Plaintiff does not allege who these workers were, whether they hold the same position and title as Plaintiff, whether they applied for reasonable accommodation, or whether they shared the same faith as Plaintiff (see Thior v Jetblue Airways Corp., 2021 NY Slip Op 31818[U], *3 [Sup Ct, NY County 2021][similarly situated employees have a common employer, the same supervisor, the same performance evaluation and disciplinary standards, and were engaged in the same work]). Moreover, and fatal to Plaintiff's claim, is the absence of any facts that suggest Plaintiff's religion was a motivation to constructively terminate him (Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 202 [1st Dept 2015]["the question is whether that action was motivated, in whole or in part, by . . . discrimination"]). Accordingly, Plaintiff has not pled facts sufficient to show that he was treated differently than others similarly situated. In short, Plaintiff does not advance any facts that show that Plaintiff's constructive termination was motivated by his religion rather than his status as unvaccinated. Thus, Plaintiff's first cause of action is dismissed as untimely and for failure to state a cause of action.
i. Failure to Accommodate
To plead a cause of action for failure to accommodate, a plaintiff must plead facts that, if proven, would demonstrate that the plaintiff is entitled to an accommodation on the basis of a bona fide religious belief, the employer had notice of such belief, the plaintiff was able to perform their job with reasonable accommodation, the accommodation would not cause undue hardship to the employer, and the employer failed to make such accommodation (NY Exec. Law § 296[10]; Administrative Code of City of NY § 8-107[1][a]; see Ashandra v 1199 Seiu Nat. Ben. Fund, 2023 WL 6975971, *1 [Sup Ct, NY County 2023]).
Here, Plaintiff alleges only that he applied for a reasonable accommodation because he is created in God's image and the accommodation was denied because of undue hardship. Plaintiff does not advance any facts that show how his belief conflicts with the vaccine mandate (see Ashandra v 1199 Seiu Nat. Ben. Fund, 2023 WL 6975971, *1 [Sup Ct, NY County 2023]["providing no description of either the sincerely held religious belief or how defendant's COVID vaccine mandate conflicts with it" insufficient to maintain a cause of action for failure to accommodate]), nor does he advance facts that would support a finding that he was able to perform his job as a police officer with reasonable accommodation. Rather, Plaintiff alleges, in a conclusory fashion, that the NYPD's denial was "predetermined because of [Plaintiff's] faith" [*6](NYSCEF Doc No. 1, verified complaint ¶ 28). Also absent is any factual allegation that the requested accommodation would not impose an undue hardship on the employer (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834 [2014]["A reasonable accommodation for an employee's impairment is one which permits an employee . . . with a disability to perform in a reasonable manner the activities involved in the job and does not impose an undue hardship on the employer's business"][internal quotations omitted]). As such, the cause of action is dismissed for failure to state a cause of action for failure to accommodate.
B. Failure to Engage in Cooperative Dialogue Under NYCHRL
The NYCHRL makes it an "unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation . . . [f]or religious needs" (Administrative Code of City of New York § 8-107[28][a]). Thus, the requirement to engage in a cooperative dialogue is precipitated by the employee's need for a religious accommodation (see Coronado v Weill Cornell Med. Coll., 66 Misc 3d 404, 410 [Sup Ct, NY County 2019] ["Administrative Code § 8-107[28] requires defendants to engage in a cooperative dialogue with plaintiff within a reasonable time after her request for an accommodation"]). In this case, Plaintiff's complaint does not allege facts regarding a conflict between his religion and the vaccine mandate that would require the NYPD to engage him in a cooperative dialogue. Moreover, the information in Plaintiff's complaint suggests that he did engage in a cooperative dialogue with his employer. Plaintiff alleges that he told the NYPD "he was prepared to accept numerous accommodations, so long as he could keep his job, including masking and participating in weekly testing" (NYSCEF Doc No. 1, verified complaint ¶ 29).[FN3]
Accordingly, Plaintiff's second cause of action is dismissed.
C. Declaratory Judgment
Pursuant to CPLR § 3001, "the supreme court may render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR § 3001). To constitute a justiciable controversy, "there must be a real dispute between adverse parties, involving substantial legal interest for which a declaration of rights will have some practical effect" (Downe v Rothman, 215 AD2d 716, 717 [2d Dept 1995]; Belli v New York City Dep't of Transportation, 200 AD3d 402 [1st Dept 2021]; Touro Coll. v Novus Univ. Corp., 146 AD3d 679, 680 [1st Dept 2017]). Because the COVID-19 vaccine mandate was rescinded in February [*7]2023 by Mayor Eric Adams, there is no present controversy between the parties regarding the requirement to be vaccinated (see New York City Mun. Lab. Comm. v Adams, 222 AD3d 437, 438 [1st Dept 2023]). As such, Plaintiff's third cause of action must be dismissed.
D. Free Exercise
Generally, plaintiffs do not have a private right of action under the State Constitution (Berrio v City of New York, 212 AD3d 569, 569—70 [1st Dept 2023]). A cause of action for violation of the New York State Constitution arises only where it is necessary to ensure full realization of a claimant's constitutional rights (Brown v State of New York, 89 NY2d 172, 186 [1996]; Martinez v City of Schnectady, 97 NY2d 78, 83-84 [2001]). Hence, New York limits recovery for state constitutional violations to circumstances where no alternate remedy is available (Lyles v State, 2 AD3d 694, 695 [2d Dept 2003], affd, 3 NY3d 396 [2004] ["In the present case, the recognition of the claimant's state constitutional claims was neither necessary nor appropriate to ensure the full realization of his rights, because the alleged wrongs could have been redressed by an alternative remedy"]). Where statutory or common law remedies are available to ensure a Plaintiff's constitutional rights, a cause of action under State Constitution is not necessary or appropriate (Brown, 89 NY2d at 186, supra; Martinez, 97 NY2d at 83-84, supra; Berrio, 212 AD3d at 569—70, supra). In this case Plaintiff has alternative avenues of redress available, including a special proceeding under Article 78, and therefore, recognition of a separate claim under New York State Constitution is neither necessary nor appropriate. Accordingly, Plaintiff's fourth cause of action is dismissed.
E. Breach of Contract
Plaintiff's fifth cause of action is styled as a cause of action for "Breach of Contract - Constructive Wrongful Termination" (NYSCEF Doc No. 1, verified complaint at 15). To state a claim for breach of contract Plaintiff must allege: (1) the existence of a contract; (2) that Plaintiff performed in accordance with the contract; (3) Defendants' breach of contract; and (4) resultant damages (34-06 73, LLC v. Seneca Ins. Co., 39 NY3d 44, 52 [2022]). The essential elements of an employment contract include the identity of the parties and the terms of employment, including the commencement date, the duration of the contract, and the salary (Elite Tech. NY Inc. v Thomas, 70 AD3d 506, 507 [1st Dept 2010]). Plaintiff's complaint alleges that "[p]laintiff was employed by defendant under a contract of employment," that "[d]efendant could only terminate Plaintiff pursuant to terms of that contract," and that "[d]efendant failed to comply with any term or provision of the contract as it relates to [p]laintiff's constructive termination." (NYSCEF Doc No.1, verified complaint ¶¶ 67, 68). Plaintiff alleges further that "[o]n or about June 3, 2022, despite the absence of any contractual termination event, [d]efendants constructively terminated [p]laintiff," and that "at no point did [d]efendants follow the law or the contract" (id. ¶¶ 69, 70). Plaintiff does not identify the parties to the contract or the terms of his employment, including when the employment contract commenced, the contract's duration, or Plaintiff's compensation. This is insufficient to plead a cause of action for breach of contract. The bald allegations are also insufficient to state a cause of action for constructive termination, which requires an allegation that the employer "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" [*8](Mascola v City Univ. of New York, 14 AD3d 409, 410 [2005]). Accordingly, Plaintiff's fifth cause of action is dismissed.
F. Aiding and Abetting Under NYCHRL
The last of Plaintiff's employment claims is aiding and abetting by Melocowsky. Under NYCHRL, "it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so" (Administrative Code of City of New York § 8-107[6]). To state a cause of action for aiding and abetting, Plaintiff must plead facts sufficient to show that Melocowsky was aware of the discrimination, and participated or condoned it (Ajoku v New York State Off. of Temp. & Disability Assistance, 198 AD3d 437, 438 [1st Dept 2021]). An individual cannot aid and abet their own conduct, and without an underlying claim of discrimination, there can be no liability for aiding and abetting (Poolt v Brooks, 38 Misc 3d 1216[A] [Sup Ct, NY County 2013]). At the outset, the cause of action for aiding and abetting fails because Plaintiff has not stated a viable cause of action for discrimination. Moreover, the conclusory allegation that Melocowsky, who "works for the City or NYPD in some capacity," and unnamed John Does "have discriminated against Plaintiff based on his religion and creed" does not state a cause of action upon which relief may be granted. Accordingly, Plaintiff's sixth cause of action is dismissed.
G. Attorney's Fees
Lastly, while a Plaintiff may be awarded attorney's fees under NYSHRL and NYCHRL, a claim for attorney's fees may not be maintained as a separate cause of action (La Porta v Alacra, Inc., 142 AD3d 851, 853 [1st Dept 2016]); Pier 59 Studios L.P. v Chelsea Piers L.P., 27 AD3d 217 [1st Dept 2006]). Therefore, Plaintiff's seventh cause of action must be dismissed.
Based on the foregoing, it is hereby
ORDERED that the defendants' motion to dismiss this action is granted and the Clerk is directed to enter judgment in favor of defendant dismissing this action, together with costs and disbursements to defendant the City of New York, as taxed by the Clerk upon presentation of a bill of costs.
This constitutes the decision and order of the court.
DATE 4/25/2024
HASA A. KINGO, J.S.C.

Footnotes

Footnote 1:Except where otherwise noted, the facts included here are recited as alleged in the complaint and are accepted as true for the purpose of this motion, as required on a motion to dismiss.

Footnote 2:The verified complaint is unclear regarding the timing of his request or the date the request was denied.

Footnote 3:Plaintiff's complaint is entirely unclear as to what he formally filed with the NYPD or what process he invoked. To the extent that Plaintiff went through the reasonable accommodation process set up by the City to resolve COVID-19 accommodation requests, the process afforded to Plaintiff was sufficient (see Matter of Marstellar v City of New York, 217 AD3d 543 [1st Dept 2023]["[p]etitioner has not established that the City's process for resolving requests to the vaccine mandate fell short of requirements of the New York City Human Rights Law" or that under the unique circumstances presented by the COVID-19 pandemic, "the City HRL required a more robust or individualized dialogue than the process he received"]).