Campagna v New York City Police Dept.. (2024 NY Slip Op 05046)

Campagna v New York City Police Dept..

2024 NY Slip Op 05046

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 151512/23 Appeal No. 2827 Case No. 2023-04557 

[*1]Michael Campagna, Plaintiff-Respondent,
v
New York City Police Department. et al., Defendants-Appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York (Diana Lawless of counsel), for appellant.
Law Offices of Alexander Schachtel, New York (Alexander Schachtel of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about August 11, 2023, which granted plaintiff's motion for injunctive relief seeking immediate reinstatement to his position within the New York City Police Department (NYPD), and an award of full back pay and full credit for time missed towards pension eligibility, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff's employment as an auto mechanic with the NYPD was terminated in February 2022 after he refused to comply with the public employee vaccination mandate issued by the Health Commissioner of the City of New York. Plaintiff commenced this action against defendants the City of New York and the NYPD nearly one year later, alleging that he was wrongfully terminated, as the vaccine mandate was arbitrary, capricious, and unconstitutional.
The motion court improvidently granted plaintiff's motion for injunctive relief, as he failed to show that he was likely to succeed on the merits, that he would suffer an irreparable and imminent injury if the injunction were withheld, and that the equities balanced in his favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Doe v Axelrod, 73 NY2d 748, 750 [1988]). Plaintiff cannot show irreparable harm, as he will be entitled to reinstatement and backpay if he prevails and his termination is annulled (see Mabry v Neighborhood Defender Serv., Inc., 88 AD3d 505, 506 [1st Dept 2011]).
Further, plaintiff cannot demonstrate the likelihood of success on the merits, as he failed to challenge the termination of his employment with the NYPD in a timely article 78 proceeding (see CPLR 7803[3]). Although he attempts to cast his action as a plenary action seeking monetary damages, the gravamen of his complaint sought to review the NYPD's decision to terminate his employment based on his noncompliance with the vaccine mandate (see Ugo-Alum v State Dept. of Motor Vehs., 211 AD3d 500, 501 [1st Dept 2022], lv denied 39 NY3d 912 [2023]; Foster v City of New York, 157 AD2d 516, 518 [1st Dept 1990]). Plaintiff also fails to show that his constitutional challenges to the vaccine mandate or his discrimination claims will succeed in light of recent decisions issued by this Court and others (see Matter of Parks [Commissioner of Labor], 219 AD3d 1099 [3d Dept 2023], lv denied 41 NY3d 910 [2024]; Garland v City of New York, 665 F Supp 3d 295 [ED NY 2023], affd 2024 WL 445001, 2024 US App LEXIS 2651 [2d Cir, Feb. 6, 2024, No. 23-663]; Matter of Bryan v Board of Educ. of the City Sch. Dist. of the City of N.Y., 222 AD3d 473 [1st Dept 2023]; Matter of Lee v City of New York, 221 AD3d 505, 506 [1st Dept 2023]). The balance of equities also does not tip in favor of plaintiff (see Winkler v Kingston Hous. Auth., 238 AD2d 711, 713 [3d Dept 1997]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024