| |
|---|
| **Dougherty v City of New York** |
| 2025 NY Slip Op 30080(U) |
| January 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155088/2023 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 62

-----------------------------------------------------------------------------------X

TIMOTHY DOUGHERTY,

                                   Plaintiff,

                   - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, MICHAEL MELOCOWSKY,
JOHN DOES 1-10

                                Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155088/2023 |
| **MOTION DATE** | 08/04/2023, 08/10/2023 |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 30, 33, 34, 35, 36, 37, 38, 39, 40, 41, 47, 49

were read on this motion to/for                   DISMISSAL               .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 12, 13, 14, 15, 16, 17, 18, 29, 31, 42, 43, 44, 45, 46, 48, 50, 51

were read on this motion to/for                   DISMISS               .

Motion Sequence Numbers 002 and 003 are consolidated herein for disposition.

Plaintiff, a Catholic New York City police officer, commenced this action against defendants the City of New York, the New York City Police Department ("NYPD") and NYPD employee Michael Melocowsky ("Melocowsky") (collectively "defendants") alleging that they discriminated against plaintiff by denying his request for a religious accommodation from the City's Covid-19 vaccine mandate.  Defendants move to dismiss, pursuant to Civil Practice Law and Rules ("CPLR") 3211[a][7]) for failure to state a claim, and plaintiff cross-moves to amend the complaint.

**155088/2023   DOUGHERTY, TIMOTHY vs. THE CITY OF NEW YORK ET AL**          **Page 1 of 7**
  Motion No.  002 003

1 of 7

[* 1]

## BACKGROUND

The following facts are taken from the complaint (NYSCEF Doc. No. 14) and accepted as true for purposes of this motion (*Tax Equity Now N.Y. LLC v NYC*, 42 NY3d 1, 12 [2024]). Plaintiff has been a New York City police officer since 2015 (*id.*, ¶¶13-14). During that time, he has never been penalized, suspended or found to be insubordinate and the NYPD never requested that plaintiff obtain a vaccine or mentioned that there was a vaccine requirement (*id.*, ¶¶ 15-16). However, at some point in 2021, the NYPD stated that he needed to be vaccinated against Covid-19 (*id.*, ¶ 17). In response, on or around October 26, 2021, plaintiff applied for a religious accommodation, explaining that he was a devout Catholic, and pursuant to the tenants of his faith, he believed he was created in God's image (*id.*, ¶ 17, 20, 21). The NYPD denied the request on June 30, 2022 (*id.*, ¶ 29). Plaintiff asserts that this denial was predetermined because of his faith (*id.*, ¶ 30). He alleges that defendant Melocowsky instructed the department that there was no need to engage in cooperative dialogue with anyone and did not do so with petitioner (*id.*, ¶¶ 25, 31). Plaintiff further claims that the NYPD never conducted a study regarding pandemic safety issues and had no information regarding the safety implications of weekly testing when it issued the denial (*id.*, ¶¶ 22-23). And while many other workers were routinely allowed to work if they wore masks or took weekly tests, petitioner was never offered these accommodations despite being willing to accept them (*id.*, ¶¶ 26-27).

As a result of the NYPD's policy, plaintiff was told that he would be abruptly terminated if he refused to take the Covld-19 vaccine (*id.*, ¶ 32). Plaintiff contends that he was forced to take the vaccine in violation of his religious beliefs due to the threat of losing his job, his health insurance and his livelihood (*id.*, ¶ 1). In the complaint, plaintiff alleges: (1) violations of the New York State Human Rights Law, New York Executive Law § 296 ("SHRL"); (2) violations of

**155088/2023 DOUGHERTY, TIMOTHY vs. THE CITY OF NEW YORK ET AL**
**Motion No. 002 003**

**Page 2 of 7**

2 of 7

[* 2]

the New York City Human Rights Law, New York City Administrative Code § 8- 107 ("CHRL"); (3) violations of the free exercise clause of the New York State Constitution; (4) intentional infliction of emotional distress; and (5) aiding and abetting as against defendant Melocowsky. In addition to attorney's fees, plaintiff seeks punitive damages.

Plaintiff filed a notice of claim on September 20, 2022, and commenced this action on June 7, 2023, by filing a summons and complaint. In moving to dismiss, defendants argue that: (1) the action should have been brought as an Article 78 and is time-barred; (2) the NYPD is not a suable entity; (3) plaintiff cannot sue individual defendants under the SHRL; (4) the complaint fails to assert actionable personal involvement by Melocowsky; (5) there is no claim for employment discrimination under the New York State Constitution; and (6) plaintiff fails to allege he suffered any cognizable harm.

## **DISCUSSION**

Plaintiff's arguments are identical to those rejected in other recent actions challenging New York's vaccine mandate and must be dismissed as well. Although defendants' statute of limitations defense is by itself sufficient to resolve this case, all of plaintiff's other contentions are briefly discussed here for the sake of completeness.

### *Statute of Limitations*

CPLR 217(1) provides that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." This action was not brought until nearly a year after plaintiff was notified that his request for a religious accommodation had been denied. Accordingly, the action is untimely

**155088/2023   DOUGHERTY, TIMOTHY vs. THE CITY OF NEW YORK ET AL**
  **Motion No.  002 003**

**Page 3 of 7**

3 of 7

[* 3]

(*Farca v Bd. of Educ. of City Sch. Dist. of NYC*, 220 AD3d 567, 567 [1st Dept 2023], *lv denied*, 41 NY3d 909 [2024]). *See also*, *Campagna v NYPD*, 218 NYS3d 331 (Mem), 2024 N.Y. Slip Op. 05046 [1st Dept 2024]; *Almodovar v City of New York*, 2024 WL 1819065, *2 [Sup Ct, NY Co 2024]; *Goolsby v NYC*, 83 Misc 3d 445 [Sup Ct, NY Co 2024]; *Nieves v NYPD*, 2024 WL 4373366, *2 (Sup Ct, Kings Co]; *Farah v NYC*, 2024 WL 3545728, *3-4 [Sup Ct, Kings Co 2024].

### NYPD as a Suable Entity

Pursuant to Chapter 17, Section 396 of the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." City agencies are thus not subject to suit (*see Komatsu v NYC Hum. Res. Admin.*, 195 AD3d 417, 417 [1st Dept 2021]) and the NYPD is no exception (*Carpenter v NYCHA*, 146 A.D.3d 674, 44 [1st Dept 2017]; *Hunold v NYC*, 2024 WL 4140057. *6-7 [Sup Ct, NY Co 2024]). The Court does not find persuasive plaintiff's argument that the CHRL's definition of an employer somehow "otherwise provides" that the NYPD may be sued or overrides the City Charter and the cases interpreting it. Rather, only an explicit exemption for an agency, such as the one applicable to the City's Department of Health and Mental Hygiene, under section 564 of the Charter, would make an agency amenable to suit (*see Farah*, 2024 WL 3545728, *4 fn.18).

**155088/2023   DOUGHERTY, TIMOTHY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002 003**

**Page 4 of 7**

[* 4]

4 of 7

*Religious Discrimination*

Plaintiff has failed to state a claim for religious discrimination under the SHRL and the CHRL. "A plaintiff states a claim of invidious discrimination under the State and City HRLs by alleging (1) that he/she is a member of a protected class, (2) that he/she was qualified for the position, (3) that he/she was subjected to an adverse employment action (under State HRL) or he/she was treated differently or worse than other employees (under City HRL), and (4) that the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination" (*Harrington v NYC*, 157 AD3d 582, 584 [1st Dept 2018]). Although plaintiff alleges that he is a member of a protected religious class, he fails to allege that he was harmed by any adverse action taken against him, that he was treated differently than any similarly situated employee,[1] or that there was any discriminatory conduct based on his religion (see *Almodovar*, 2024 WL 1819065, *2-3; *Farah*, 2024 WL 3545728, *4). Additionally, defendant Melocowsky cannot be sued under the SHRL because it only prohibits discrimination by "employers", not individual employees (*see Kwong v NYC*, 204 AD3d 442, 445 [1st Dept 2022]). Nor has plaintiff pled in a non-conclusory fashion that Melocowsky participated or aided or abetted any discriminatory conduct (*see Almodovar*, 2024 WL 1819065, *6; *Hunold,* 2024 WL 4140057, *8). Finally, plaintiff's claim that the City failed to engage in cooperative dialogue with him regarding his accommodation is clearly foreclosed by *Marsteller v NYC*, 217 AD3d 543, 544, [1st Dept 2023]; *lv denied* 41 NY3d 960 [2024]; *see Rysiejko v NYC*, 2024 WL 4701599 [1st Dept 2024]).

---

[1] Here, plaintiff states generally, with nothing more as to how he was similarly situated to other workers who he claims were permitted to work if they wore masks or took weekly tests.

[* 5]

### *Discrimination under the New York State Constitution*

As general matter, there is no private right of action under the New York State Constitution (*Berrio v NYC*, 212 AD3d 569, 569-70 [1st Dept 2023]; *Almodovar*, 2024 WL 1819065, *5; *Hunold,* 2024 WL 4140057, *7; *Farah*, 2024 WL 3545728, *5). Such a violation may be pursued only where no alternative remedy is available (*Lyles v State*, 2 AD3d 694, 695 [2d Dept 2003], *aff'd*, 3 NY3d 396 [2004]; *Hunold,* 2024 WL 4140057, *8; *Farah*, 2024 WL 3545728, *5). Here, Article 78, the SHRL and HHRL would have provided plaintiff with alternative relief had they been timely and sufficiently pled.

### *Intentional Infliction of Emotional Distress*

The elements of a claim for intentional infliction of emotional distress are "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Chanko v Am. Broad. Companies Inc.,* 27 NY3d 46, 56 [2016], *quoting Howell v New York Post Co.*, 81 NY2d 115, 123 [1993]). The City's imposition of the vaccine requirement, even though accompanied by the threat of termination for non-compliance, does not meet the extremely high standard for the tort (*see Hunold,* 2024 WL 4140057, *8; *Smith v NYC*, 2024 WL 3419349, *3 [Sup Ct, Kings Co 2024]).

### *Motion to Amend*

The motion to amend is denied as futile, insofar as the amended complaint " reiterates the same conclusory and unsubstantiated allegations without addressing any of the deficiencies raised by defendant in its motion papers" (*Goolsby*, 83 Misc 3d 445, 463).

**155088/2023   DOUGHERTY, TIMOTHY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002 003**

**Page 6 of 7**

6 of 7

[* 6]

## CONCLUSION

For the reasons set forth herein, it is hereby:

**ORDERED** that defendants' motion to dismiss plaintiff's complaint in its entirety is

granted; and it is further

**ORDERED** that plaintiff's cross-motion for leave to serve an amended complaint is

denied.

_____
**January 7, 2025**
**DATE**

_____
**J. MACHELLE SWEETING, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155088/2023   DOUGHERTY, TIMOTHY vs. THE CITY OF NEW YORK ET AL**          **Page 7 of 7**
**Motion No.  002 003**

[* 7]