■ PIER 59 STUDIOS L.P., Respondent-Appellant, v CHELSEA PIERS L.P., Appellant-Respondent. [811 NYS2d 24]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 15, 2005, which, inter alia, granted in part and denied in part defendant's motion for summary judgment dismissing the complaint, denied defendant's motion for partial summary judgment on its counterclaims, and denied in part plaintiff's motion to amend the complaint, unanimously modified, on the law, so as to grant those branches of defendant's motion seeking to dismiss the cause of action for a breach of the covenant of good faith and fair dealing, the claim for attorneys' fees, and the demand for punitive damages, and otherwise affirmed, with costs.

Preliminarily, plaintiff's failure to furnish this Court with a copy of its amended complaint prevents consideration of its argument that such pleading moots the appeal (*see American Express Travel Related Servs. Co. v North Atl. Resources*, 261 AD2d 310 [1999]).

Plaintiff may not maintain a separate cause of action for attorneys' fees, which are only recoverable as an element of contract damages if a breach of the sublease is proven (*see Burke v Crosson*, 85 NY2d 10, 17-18 [1995]). The demand for punitive damages should also have been dismissed for lack of allegations of egregious tortious conduct independent of a breach of contract and aimed at the public generally (*see New York Univ.*

*v Continental Ins. Co.*, 87 NY2d 308, 315-316 [1995]). In addition, we dismiss the claim for breach of the covenant of good faith and fair dealing as duplicative of the breach of contract claim (*see Hawthorne Group v RRE Ventures*, 7 AD3d 320, 323 [2004]), and we modify accordingly.

Similarly, the fraud claim was properly dismissed as duplicative of the contract claim (*see J.E. Morgan Knitting Mills v Reeves Bros.*, 243 AD2d 422 [1997]). The claim for breach of the covenant of quiet use and enjoyment is not viable because plaintiff remains in possession of the premises (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]).

Finally, with respect to the counterclaims, there are issues of fact as to whether, inter alia, plaintiff's use of the premises violated the lease or municipal ordinances, and whether defendant approved of plaintiff's alterations and frustrated plaintiff's attempts to cure the Building Code violations (*see WPA/Partners v Port Imperial Ferry Corp.*, 307 AD2d 234, 237 [2003]). We have considered the parties' remaining arguments for affirmative relief and find them to be unavailing. Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.