■ LEIGH SHORT, Appellant, v DEUTSCHE BANK SECURITIES, INC., Respondent. [913 NYS2d 64]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 24, 2009, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the causes of action alleging employment discrimination under Executive Law § 296 (the State Human Rights Law) and Administrative Code of City of NY § 8-107 (1) (a) (the City Human Rights Law), unanimously affirmed, without costs.

Plaintiff, an Australian citizen, was employed by Deutsche Bank as a salesperson working on Asian and Australian accounts from March 2001 until she resigned on May 5, 2004, when her visa expired. At the end of 2001, she received a guaranteed bonus; the next year she was one of the top performers on the desk and received the highest bonus awarded. Plaintiff alleges that starting in late 2003, the manager of the Australasian desk, Raymond Kim, tried to push her out by not talking to her, criticizing her unfairly, reassigning her Asian accounts (which accounted for a large portion of her revenue) to men, and, ultimately, giving her a bonus lower than the amount

she received the previous year and about 30% less than the bonuses he gave his two favorite male employees, one of whom had only worked there for six months.

After resigning, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that Kim created a "misogynistic culture" in which men entertained clients at strip clubs and that all four female salespeople who were in the department when she arrived had left by 2004. Kim was terminated by defendant after receiving a written warning for making an inappropriate advance to a female employee and after an internal investigation found that he had improperly charged such outings to the company. The EEOC found reasonable cause to believe that defendant had discriminated against plaintiff and a class of similarly situated females on its Asian and Australian Sales desks on the basis of sex, and that evidence indicated "discrimination regarding compensation as well as the terms, conditions or privileges of their employment." The EEOC finding provides some evidence of discrimination (*Philbrook v Ansonia Bd. of Educ.*, 757 F2d 476, 481 [2d Cir 1985], *affd* 479 US 60 [1986]). However, such a finding is by no means dispositive (*id.*).

To establish a constructive discharge, plaintiff was required to produce evidence that her employer "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" (*Mascola v City Univ. of N.Y.*, 14 AD3d 409, 410 [2005], citing *Stetson v NYNEX Serv. Co.*, 995 F2d 355, 361 [2d Cir 1993]). Even when the evidence is viewed in a light most favorable to her, plaintiff's complaints about work assignments and bonus compensation do not demonstrate an intolerable work environment that would lead a reasonable person to feel compelled to resign. Moreover, defendant showed that plaintiff had long planned to stop working in 2004 to travel and pursue other interests and that she acted in accordance with that plan by taking steps to leave New York before defendant had even completed its investigation into her charges. She rejected out of hand defendant's offers of employment in positions that would not report directly to Kim.

As for plaintiff's claim of unequal treatment with respect to the terms and conditions of employment based on gender, defendant does not dispute that the reassignment of some or all of plaintiff's Asian accounts and the decrease in her bonus compensation were adverse employment actions but contends that plaintiff did not make a prima facie showing that the actions occurred under circumstances giving rise to an inference of discrimination, and that, in any event, the actions were taken

for legitimate, nondiscriminatory reasons (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]). The threshold for a prima facie showing is low (*see id.*). Viewed as a whole, the record evinces circumstances from which a factfinder could infer discrimination (*see generally Chambers v TRM Copy Ctrs. Corp.*, 43 F3d 29, 37 [2d Cir 1994]). Among other things, there was evidence that salespeople on the desk perceived Kim as favoring male salespersons, expected women to be "subservient," had a "chauvinistic" attitude toward women, and particularly disliked plaintiff, whom he perceived as disrespectful to him.

However, with respect to the reassignment of Asian accounts, defendant submitted evidence that the decision to have plaintiff focus on Australian product was initiated not by Kim, but by the new head of Australian product, and that the decision was made for legitimate, nondiscriminatory reasons related to staffing and the desire to rebuild the Australian desk. Accordingly, defendant successfully rebutted plaintiff's prima facie showing of discrimination (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *St. Mary's Honor Center v Hicks*, 509 US 502, 507 [1993]). Plaintiff did not submit evidence sufficient to raise an issue of fact whether those explanations were pretextual (*id.*).

With respect to the award of bonuses, defendant relies largely on the fact that plaintiff received top bonuses her first two years and that, in 2003, another top female salesperson, Elaine Yu, received the second highest bonus and plaintiff received the third highest. Since prior equal treatment of an employee undermines an inference of subsequent discrimination (*see Chin v ABN-AMRO N. Am., Inc.*, 463 F Supp 2d 294, 303-304 [ED NY 2006]), plaintiff fails to establish a prima facie case of gender discrimination. Assuming arguendo, that plaintiff had in fact established a prima facie case of discrimination based on the way bonuses were allocated in 2003, defendant nevertheless successfully rebuts such claim inasmuch as Kim explained that the reason for the diminution of plaintiff's bonus was that she had not improved her results to the same degree as had others and had shown poor teamwork. Plaintiff presents insufficient evidence to raise an issue of fact as to whether the reasons proffered by defendant justifying the allocation of bonuses was pretextual.

For the foregoing reasons, summary judgment was properly granted in defendant's favor with respect to plaintiff's claim under the New York City Human Rights Law. A claim under that statute lies when it is "proven by a preponderance of the evidence that she [the plaintiff] has been treated less well than

other employees because of her gender" (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 78 [2009], *lv denied* 13 NY3d 702 [2009]). While such a determination is ordinarily one for the trier of fact (*id.*), here it is clear that the disparate treatment alleged was attributable to legitimate business and nondiscriminatory reasons rather than plaintiff's gender.

Plaintiff failed to present evidence of a hostile work environment under the City Human Rights Law. The various complaints about Kim's conduct in the workplace were nothing more than non-actionable petty slights and minor inconveniences (*see Williams*, 61 AD3d at 79-80), which in any event may be viewed by a reasonable employee as a function of Kim's management style, unrelated to gender discrimination.

Plaintiff did not present evidence of widespread acts of intentional discrimination against individuals, as is required to bring a "pattern and practice" discrimination claim (*Robinson v Metro-North Commuter R.R. Co.*, 267 F3d 147, 158 [2d Cir 2001], *cert denied* 535 US 951 [2002]). Thus, it is unnecessary to reach the issue whether an individual plaintiff can assert such a claim. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31388(U).]**