■ RENEE TERAN, née BANKS, Appellant, v JETBLUE AIRWAYS CORPORATION, Respondent. [18 NYS3d 25]—

Order, Supreme Court, New York County (Milton A. Tingling,

J.), entered August 19, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's claims for constructive discharge and retaliation under the New York City Human Rights Law, unanimously reversed, on the law, without costs, those branches of defendant's motion denied, and plaintiff's cause of action for retaliation reinstated, with leave to litigate both that cause of action and her claim for sexual harassment under a theory of constructive discharge.

Viewed in the light most favorable to plaintiff, the record shows that plaintiff, an acting supervisor, was sexually assaulted by a higher-ranking shift supervisor, who locked the door to the supervisors' office late at night and repeatedly groped and kissed her while she asked him to stop and repeatedly pushed his hands away. The assault stopped only when another supervisor called to ask the assailant for help. As the assailant left the office, he looked at plaintiff and, in vulgar terms, told her that she was "hot" and that she sexually excited him.

Defendant suspended the offending supervisor, conducted an investigation, found that the offending supervisor had engaged in "inappropriate conduct," and disciplined the supervisor by giving him what was, in effect, a final warning. Defendant then informed plaintiff that the supervisor would be returning to work with plaintiff. When plaintiff asked that she be separated from the supervisor, defendant offered only to transfer her from the evening shift to an early morning shift, which would entail a pay cut and a functional demotion, because there would be no acting supervisor positions available.

Given the foregoing factual assertions, plaintiff raised issues of fact as to whether defendant constructively discharged her by deliberately creating working conditions that were so intolerable "that a reasonable person would have felt compelled to resign" (*Short v Deutsche Bank Sec., Inc.*, 79 AD3d 503, 504 [1st Dept 2010] [internal quotation marks omitted]). Plaintiff also raised triable issues of fact as to her retaliation cause of action, since the record shows that she formally complained about the sexual harassment and was constructively discharged within a short time thereafter, permitting an inference of a causal connection between her complaint and the constructive discharge (*see Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]).

Plaintiff may assert her constructive discharge theory with respect to her retaliation cause of action, which we reinstate,

and with respect to her sexual harassment claim, which the motion court sustained (*see Mihalik v Credit Agricole Cheuvreux N. Am., Inc.*, 715 F3d 102, 115-116, 116 n 13 [2d Cir 2013]; *see also Williams v New York City Hous. Auth.*, 61 AD3d 62, 71, 78 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]). Concur—Mazzarelli, J.P., Acosta, Renwick and Moskowitz, JJ.