■ MARY ANN LA PORTA, Respondent, v ALACRA, INC., et al., Appellants, et al., Defendant. [38 NYS3d 20]—

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about February 8, 2016, which granted plaintiff's motion for leave to serve an amended complaint, and denied defendants-appellants' motion to dismiss the complaint, after treating the motion to dismiss as addressed to the proposed amended complaint, unanimously modified, on the law, to dismiss the proposed claim for constructive discharge and the separately pleaded causes of action for punitive damages and attorney's fees, and otherwise affirmed, without costs.

Plaintiff, the manager of defendant Alacra's New York City office, alleges that defendant Armen Galoustian was a male employee with a history of sexually harassing female coworkers. In 2015, plaintiff and other employees witnessed Galoustian engage in unwanted touching and harassing of two female employees. Alacra's management was aware of Galoustian's conduct but did nothing to correct it. On March 15, 2015, a Saturday, Galoustian sent plaintiff an unsolicited, offensive message on Facebook stating that her "boobs are someging [sic]." Plaintiff immediately reported the remark to defendant Craig Kissel, Alacra's chief financial officer and her direct supervisor. She also promptly reported the remark to Alacra's chief executive officer (CEO). Plaintiff followed up by complaining about Galoustian's offensive conduct to Kissel when she returned to the office on Monday. She also complained that week to Alcara's CEO, and Alacra's president. Instead of correcting Galoustian or otherwise meaningfully reassuring plaintiff that he would not follow up on his sexually offensive message with the further sexual harassment he was known to have proclivities for, Alacra's managers rebuffed plaintiff and completely isolated her for the remainder of her stay at the company. Fearful that Galoustian, unrestrained by management, would harass her, plaintiff suffered a relapse of her preexisting Graves' disease, a stress-variable autoimmune disorder, forcing her to seek medical care. Plaintiff ultimately found the situation to be unbearable, and resigned on August 26, 2015.

Based on these allegations, plaintiff has stated a viable claim for sexual harassment creating a hostile work environment under the New York City Human Rights Law (City HRL) (*see Walsh v Covenant House*, 244 AD2d 214, 215 [1st Dept 1997]). Plaintiff's allegations do not, however, suffice to state a claim under the stricter standard governing constructive discharge

stemming from a hostile work environment (*Gaffney v City of New York*, 101 AD3d 410, 411 [1st Dept 2012], *lv denied* 21 NY3d 858 [2013]; *see also Short v Deutsche Bank Sec., Inc.*, 79 AD3d 503, 504 [1st Dept 2010]).

Plaintiff's allegations are sufficient to sustain her claim for retaliation under the City HRL (*see Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]). We reject defendants' argument that plaintiff has failed to allege that she engaged in any protected activity because the Facebook message she complained about is not independently actionable. A plaintiff need not establish an underlying HRL violation in order to prevail on a retaliation claim (*see Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [3d Dept 1999]), and, based on her allegations, it can be readily inferred that she had a "good faith, reasonable belief that the underlying challenged actions . . . violated the law" (*Manoharan v Columbia Univ. Coll. of Physicians & Surgeons*, 842 F2d 590, 593 [2d Cir 1998] [internal quotations marks omitted]). In addition, her allegations of being rebuffed and isolated by Alacra's management sufficiently stated disadvantageous actions by defendants as a result of her complaints to management (*see Fletcher*, 99 AD3d at 51-52).

Plaintiff has sufficiently stated an aiding and abetting claim against Kissel since, among other things, she has sufficiently stated claims under the City HRL for sexual harassment and retaliation (*see generally Mazyck v Metropolitan Transp. Auth.*, 893 F Supp 2d 574, 597 [SD NY 2012]).

While plaintiff is entitled to include in her prayer for relief a request that she be awarded punitive damages in the event she proves the requisite degree of culpability on her causes of action for violation of the City HRL, a claim for punitive damages may not be maintained as a separate cause of action (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616-617 [1994]). Similarly, while plaintiff, if she prevails, may be awarded attorney's fees under the City HRL (*see* Administrative Code of City of NY § 8-502 [g]), neither may a claim for attorney's fees be maintained as a separate cause of action (*see Pier 59 Studios L.P. v Chelsea Piers L.P.*, 27 AD3d 217, 217 [1st Dept 2006], citing *Burke v Crosson*, 85 NY2d 10, 17-18 [1995]). Accordingly, we modify to dismiss the amended complaint's fifth cause of action, for punitive damages, and sixth cause of action, for attorneys' fees, while leaving undisturbed the requests for those remedies in the prayer for relief.

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Richter and Gesmer, JJ.