Crookendale v New York City Health & Hosps. Corp. (2019 NY Slip Op 06446)





Crookendale v New York City Health & Hosps. Corp.


2019 NY Slip Op 06446


Decided on September 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 3, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9563 154788/15

[*1]Debra Crookendale, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, Defendant-Respondent.


Schwartz Perry & Heller, LLP, New York (Brian Heller of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered June 27, 2018, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing part of the gender discrimination claim as well as the constructive discharge and retaliation claims under the New York City Human Rights Law (City HRL), unanimously modified, on the law, to deny the motion as to the gender discrimination claim, and otherwise affirmed, without costs.
The motion court should not have dismissed the claim of gender discrimination while sustaining the claim of hostile work environment due to sexual harassment. The City HRL does not differentiate between sexual harassment and other forms of gender discrimination, but requires that "sexual harassment" be viewed as "one species of sex- or gender-based discrimination" (Williams v New York City Hous. Auth., 61 AD3d 62, 75 [1st Dept 2009], lv denied 13 NY3d 702 [2009]).
In her affidavit in opposition to defendant's motion, plaintiff sufficiently described being touched and complimented inappropriately to permit a jury reasonably to find that she was treated "less well" than her male colleagues because of her gender and that the conduct complained of was neither petty nor trivial (see Hernandez v Kaisman, 103 AD3d 106, 114-115 [1st Dept 2012].
The constructive discharge claim was correctly dismissed, as plaintiff failed to submit evidence that defendant "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" (Short v Deutsche Bank Sec., Inc., 79 AD3d 503, 504 [1st Dept 2010] [internal quotation marks omitted]). Moreover, the record shows that, unlike the employer in Dall v St. Catherine of Siena Med. Ctr. (966 F Supp 2d 167, 177-178 [ED NY 2013]), defendant had not made a decision to terminate plaintiff when she voluntarily resigned.
Plaintiff also failed to raise an issue of fact as to retaliation. Her vague, informal complaints to her supervisor's superior and the Equal Employment Opportunity office did not convey that she was discriminated against unlawfully and therefore do not constitute protected activity under the City HRL (see Gonzalez v EVG, Inc., 123 AD3d 486, 487 [1st Dept 2014]). Moreover, there is no evidence that any of her superiors had any
knowledge of her complaints or engaged in any retaliatory conduct.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 3, 2019
CLERK