| **Agins v West 109 St. LLC** |
|:---:|
| 2024 NY Slip Op 32393(U) |
| July 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654250/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. ARLENE P. BLUTH** | **PART** **14** |
| *Justice* | |

-----------------------------------------------------------------------------X

RICHARD C. AGINS,

                            Plaintiff,

                         - v -

WEST 109 STREET LLC, IRWIN SIEGEL, DANIEL GRONICH

                           Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654250/2022 |
| **MOTION DATE** | 07/09/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for               SUMMARY JUDGMENT        .

Defendants' motion for summary judgment is granted in part and denied in part.

**Background**

Plaintiff contends that he is a member of defendant West 109 Street LLC ("West 109"), an entity created in connection with real estate ventures. He maintains that his then law-partner, defendant Siegel, invited him to join West 109 in 1998 with three other people, including defendant Gronich (the purported managing member). Plaintiff alleges that starting in March 1999, he invested over $33,000 in the entity's ventures. He observes that in the beginning he was always provided with the necessary documentation about West 109 as well as regular distributions, but this stopped in 2006.

Plaintiff insists that since 2006, he has "only received a handful of distributions" (NYSCEF Doc. No. 3, ¶ 13). He alleges that, eventually, in 2022, he hired an attorney to assist him with getting information about West 109. Plaintiff contends he finally received some

**654250/2022 AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No. 001**

Page 1 of 9

documents in August 2022 and that he determined he is owed at least $32,651.41 in unpaid distributions. Plaintiff brings five causes of action: for accounting, breach of fiduciary duty, conversion, unjust enrichment and legal fees. He insists that his total damages exceed $100,000 as it is unclear whether he received all of the relevant documentation from defendants about the corporate entity.

In this motion, defendants seek summary judgment dismissing this matter in its entirety as against the individual defendants and to dismiss the first, second, third and fourth causes of action on the ground that they are time-barred as well as declaratory relief. Defendants also move to dismiss the fifth cause of action for legal fees. Defendant Gronich submits an affidavit in which he insists he has never improperly used West 109 funds and that neither he nor defendant Siegel have ever had control over West 109's operations. He argues that West 109 is merely an entity for passive investments in other LLCs that own real estate. Defendant Siegel also submits an affidavit in which he argues that he also has never improperly used West 109 funds. He claims there is no basis to find individual liability against him or defendant Gronich.

Defendants argue that although the complaint does not specifically mention an "alter ego" theory of liability or a corporate veil piercing theory, that appears to be plaintiff's basis to assert claims against the individual defendants. They argue that there is no evidence to support such a theory as neither of the individual defendants dominated West 109.

Defendants also argue that according to the complaint, plaintiff's causes of action accrued in 2006 and so plaintiff's causes of action are time-barred. They argue, in the alternative, that plaintiff is time-barred from seeking any damages that accrued prior to six years before this case was commenced.

**654250/2022   AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

**Page 2 of 9**

2 of 9

In opposition, plaintiff contends in his affidavit that he stopped receiving regular distributions and information from West 109 in 2006. He adds that "As time went on, the distributions and information became less and less frequent, and my requests for information were ignored or were responded to insufficiently. I frequently asked for information, and Siegel always promised that he would supply me with everything I asked for, but he rarely - if ever - followed through, or provided complete information. Admittedly, I did not press the subject because I had no reason to question that, as Siegel assured me many times, he would eventually get me all the information I needed to understand the state of my investments, and I had other more pressing professional, business, and personal issues to deal with at the time" (NYSCEF Doc. No. 42, ¶¶ 16-17).

Plaintiff admits that due to an issue with his profession, his law firm, he did not focus on the instant issue from July 2014 until 2019. He claims he got the "run-around" from defendants over the next few years until finally getting to see documents in August 2022. He claims that the instant motion is premature as there have not yet been any depositions. Plaintiff argues that the individual defendants are proper parties.

**The Individual Defendants**

In the moving papers, defendants contend that the individual defendants should be dismissed as they are not proper parties. They insist that the allegations in the complaint and the evidence produced in this case do not support an alter ego theory of liability.

Plaintiff insists in opposition that this theory of liability against the individuals is not based on a corporate veil piercing claim but, instead, rests upon the fact that the individual defendants converted and misappropriated funds belonging to plaintiff. He argues this constitutes a breach of a fiduciary duty by Siegel and Gronich.

**654250/2022   AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

**Page 3 of 9**

3 of 9

"To establish a breach of fiduciary duty, the movant must prove the existence of a fiduciary relationship, misconduct by the other party, and damages directly caused by that party's misconduct" (*Pokoik v Pokoik*, 115 AD3d 428, 429, 982 NYS2d 67 [1st Dept 2014]). A managing member of an LLC owes a fiduciary duty to the non managing members (*id*.).

Here, plaintiff alleges only that defendant Gronich is the managing member (NYSCEF Doc. No. 3, ¶ 6). That means that a breach of fiduciary duty claim does not lie as against defendant Siegel who, according to plaintiff, is merely a member (*id*. ¶5).

In any event, the Court dismisses the claims as against both defendants because nothing in this record adequately alleges how they breached a fiduciary duty (*see Stang LLC v Hudson Square Hotel, LLC*, 158 AD3d 446, 446-47, 71 NYS3d 17 [1st Dept 2018]). To the extent that the complaint is based on fraud, plaintiff did not provide the requisite particularity concerning how Gronich (or Siegel) breached their fiduciary duties (*id*. at 446). The complaint and plaintiff's affidavit in opposition allege that plaintiff did not receive distributions from West 109. That, standing alone, suggests cause of action against West 109. But it does not automatically mean that Gronich or Siegel are personally liable.

Plaintiff had to raise issues of fact in his opposition about defendants' specific conduct to suggest how each breached his fiduciary duty to plaintiff. Plaintiff did not allege or point to any document that suggests that the individual defendants personally took money that was supposed to be distributed to plaintiff or identify documents that require more discovery (such as a document that could be used at a deposition). Instead, he alleges in conclusory fashion that these individuals took the money. Under plaintiff's theory of liability, defendants would seemingly be personally liable for every act of West 109. That contention is not supported by the relevant caselaw.

**654250/2022   AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

**Page 4 of 9**

Based on the Court's review of the complaint, this necessitates the dismissal of the second cause of action for monetary damages based on a breach of fiduciary duty as it appears to be alleged solely against the individual defendants.

**Statute of Limitations**

The Court finds that plaintiff is limited to seeking damages for the third and fourth causes of action based on their respective limitations periods. That is, plaintiff may only seek damages for three years prior to the commencement of the action for the conversion cause of action (the third claim) and six years prior to the start of this case for the unjust enrichment claim (the fourth cause of action).

There is no question that plaintiff readily admits in his affidavit in opposition and in the complaint that he had actual knowledge that he was not receiving his distributions in 2006. And although he requested more information (to no avail), he did not take any steps to explore the reasons for his lack of distributions for many, many years. In fact, plaintiff observes that he was distracted by a personal matter from 2014 to 2019 having to do with his work at a law firm (NYSCEF Doc. No. 42, ¶ 22). Of course, plaintiff (an attorney) is not entitled to seek damages that accrued beyond the relevant limitations period because he chose not to focus on this issue.

Nor is there a sufficient basis to impose the doctrine of equitable tolling. Plaintiff's papers do not provide an adequate reason why he chose to sit on his rights starting in 2006. Of course, the Court recognizes that he might have preferred to wait before suing a fellow partner and may have assumed he would eventually receive the aforementioned distributions. But that expectation does not justify waiting 16 years to bring a lawsuit when, *according to the plaintiff*

**654250/2022   AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

Page 5 of 9

*himself*, he stopped receiving regular distributions. That defendants allegedly did not respond to his requests is not a basis to apply equitable tolling to this matter.

Similarly, there is no basis to find that the continuing obligations doctrine renders timely all of plaintiff's claims. Here, the distributions were based on passive income generated from real estate holdings; they were not fixed payments that plaintiff was entitled to receive each year. They were dependent upon other factors and plaintiff claims he received different amounts. In this Court's view, they should be considered as separate and independent acts, which means that claims based on the failure to pay distributions more than six years prior to the state of this case are time-barred.

However, the Court declines to find that the limitations periods require dismissal of all of plaintiff's claims. Here, plaintiff details that he received no distributions in 2016, 2018 and 2019 all of which might be timely, depending on which theory of recovery plaintiff pursues (*id.* ¶ 39). That is, if plaintiff successfully pursues an unjust enrichment claim against West 109, then he would be able to seek unpaid distributions dating back to six years prior to the commencement of this action (or November 8, 2016). Of course, plaintiff would be constrained to a three-year limitations period for the conversion claim. The Court views each of these allegedly missed payments as a separate wrong with a separate accrual date for purposes of the statute of limitations as each was based upon a unique set of facts. In this way, it is similar to missed rent payments (*see Arnav Indus., Inc. v Pitari,* 82 AD3d 557, 558, 918 NYS2d 479 [1st Dept 2011] [noting that the limitations period begins to run for each payment of rent from the date it becomes due]). Therefore, the fact that plaintiff alleges that he did not receive his distributions dating back to 2006 does not foreclose his ability to seek distributions with the limitations period.

**654250/2022   AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

**Page 6 of 9**

6 of 9

[* 6]

But he cannot seek damages prior to these periods, which he explicitly seeks in his papers. For instance, plaintiff cannot seek the allegedly unpaid share from 2007 or 2008 cited in paragraph 38 of his affidavit in opposition. The time to bring an action for those distributions has long passed.

The first cause of action for accounting presents a different question. "A proceeding to compel a fiduciary to account is governed by the six-year statute of limitations set forth in CPLR 213(1). Claims for an accounting accrue when there is either an open repudiation of the fiduciary's obligation or a judicial settlement of the fiduciary's account" (*Campbell v Bank of Am., N.A.*, 155 AD3d 820, 822, 64 NYS2d 306 [2d Dept 2017] [internal quotations and citations omitted]).

To be sure, plaintiff alleged an open repudiation in 2006—he claims that he did not receive distributions and that defendants failed to provide him with documents. However, the Court declines to dismiss this claim in its entirety as plaintiff details that he kept making requests over the next decade. And he claims that he has not received dividends or full information within the applicable limitations period.

Under these circumstances, the Court finds that plaintiff is not entitled to seek an accounting for records dated more than six years prior to the commencement of this action. But he did raise a material issue of fact for an accounting for six years prior to the start of this case. Plaintiff is a member of an LLC and claims he has not received timely records concerning his distributions. That alleges a valid claim for an accounting and a material issue of fact to defeat this portion of defendants' motion.

**654250/2022   AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

**Page 7 of 9**

**Legal Fees Claim**

The Court dismisses this claim as a claim for legal fees may not be maintained as a separate cause of action (*La Porta v Alacra, Inc.*, 142 AD3d 851, 853, 38 NYS3d 20 [1st Dept 2016]). Instead, plaintiff may seek legal fees only in connection with another cause of action (*see Pier 59 Studios L.P. v Chelsea Piers, L.P.*, 27 AD3d 217, 217, 811 NYS2d 24 [1st Dept 2006] [noting that plaintiff could not maintain a separate claim for attorneys' fees as they are recoverable only as an element of the contract claim]).

Here, it is unclear whether plaintiff will be able to recover legal fees as part of another claim. He alleges that the operating agreement of West 109 contains a legal fees clause, but he did not produce this agreement. Neither did defendants. Therefore, at this stage of the case, this Court cannot make any determinations about whether plaintiff might be permitted to recover legal fees should he prevail on one of his remaining causes of action. Put another way, without reviewing the relevant clause in the operating agreement (assuming that there is such an agreement and a legal fees clause), the Court cannot opine at all about the viability of a legal fees request.

**Summary**

The Court dismisses the claims against the individual defendants as plaintiff failed to raise an issue of fact supporting a cause of action against them. The Court also grants defendants' motion (as requested in the alternative) to the extent that plaintiff may only seek damages within the applicable limitations period. The Court also dismisses the legal fees claim as that is not a stand-alone cause of action in this state. However, plaintiff may seek attorneys' fees in connection with another cause of action provided that he meets his prima facie burden for such a request.

**654250/2022  AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

**Page 8 of 9**

[* 8]

8 of 9

The Court also declines to issue a declaratory judgment as requested by defendants as they did not meet their prima facie burden for that relief; they simply demanded it but did not provide any support for such a request.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is granted to the extent that all of the claims against defendants Gronich and Siegel are severed and dismissed (which includes the second cause of action in its entirety), the fifth cause of action is also severed and dismissed; and it is further

ORDERED that defendants' motion is granted to the extent that plaintiff may not seek damages for the third and fourth causes of action beyond their respective limitations period and that plaintiff may only pursue a cause of action for an accounting for the six years prior to the commencement of this action, and the remaining requests for relief are denied.

See NYSCEF Doc. No. 40 concerning the next conference.

| 7/10/2024 | | ARLENE P. BLUTH, J.S.C. |
|-----------|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|------------|---|----------------|---|--------|---|------------------------|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654250/2022   AGINS, RICHARD C. vs. WEST 109 STREET LLC ET AL**
**Motion No.  001**

**Page 9 of 9**

9 of 9