| |
|---|
| **Cronemeyer v City of New York** |
| 2025 NY Slip Op 30581(U) |
| February 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151551/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**

*Justice*

-------------------------------------------------------------------------------X

DANIEL CRONEMEYER,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, MICHAEL MELOCOWSKY, JOHN DOES

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 05M |
| INDEX NO. | 151551/2023 |
| MOTION DATE | 09/16/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for          DISMISSAL          .

Upon the foregoing documents and oral argument before the court, Defendants the City of New York (the "City"), the New York City Police Department (the "NYPD"), and Michael Melocowsky ("Melocowsky") (collectively identified as "Defendants") move to dismiss Plaintiff Daniel Cronemeyer's ("Plaintiff") complaint pursuant to CPLR § 3211(a)(7). Plaintiff opposes Defendants' motion and cross moves to compel discovery and for an order awarding damages and costs. For the reasons stated herein, Defendants' motion is granted and Plaintiff's motion is denied.

## BACKGROUND

Plaintiff worked for the NYPD from January 23, 2007, to August 30, 2022 (NYSCEF Doc No. 1, verified complaint ¶ 1, 13).[1] During the course of Plaintiff's employment he was never penalized, suspended, or found to be insubordinate (*id*. ¶ 16). In October 2021, as a result of the COVID-19 pandemic, the Commissioner of Health and Mental Hygiene promulgated an order directing City employees to show proof of COVID-19 vaccination or apply for a reasonable accommodation to be exempt therefrom (the "Vaccine Mandate") (*see* Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain City Contractors [October 20, 2021], available at https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf [last accessed February 20, 2025]). Plaintiff is a "Christian" who believes that "he is created in God's image" (*id*. ¶ 20). On October 23, 2021, Plaintiff submitted a reasonable accommodation request to be exempt from the COVID-19 vaccine (*id*. ¶ 21). Plaintiff's request was denied on February 8, 2022 (*id*. ¶ 26). Plaintiff did not receive the COVID-19 vaccine and was constructively terminated on August 30, 2022 (*id*. ¶¶ 33, 68).

---

[1] Except where otherwise noted, the facts included here are recited as alleged in the complaint and are accepted as true for the purpose of this motion, as required on a motion to dismiss.

**151551/2023   CRONEMEYER, DANIEL vs. THE CITY OF NEW YORK ET AL**     **Page 1 of 6**
**Motion No.  001**

1 of 6

On February 26, 2023, Plaintiff commenced this action to "challeng[e] the NYPD's denial of his religious accommodation request" (*id.* ¶ 9). Plaintiff's complaint interposes causes of action sounding in: (i) religious discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), (ii) failure to engage the cooperative dialogue under the NYCHRL, (iii) declaratory judgment, (iv) violation of the free exercise clause of the New York State Constitution, (v) breach of contract – constructive termination, (vi) aiding and abetting, and (vii) attorney's fees. On May 9, 2023, Defendants joined issue by service of their answer. On September 16, 2024, Defendants filed the instant motion to dismiss Plaintiff's complaint pursuant to CPLR § 3211(a)(7), and all parties were present for oral argument before the court on January 14, 2025.

Defendants argue that Plaintiff's complaint fails to state a cause of action against them because: (i) Plaintiff cannot bring claims for employment discrimination under the New York State Constitution, (ii) Plaintiff did not suffer any harm, (iii) the cooperative dialogue process was rational, (iv) Plaintiff fails to state any underlying claim for discrimination and cannot sustain a charge of aiding and abetting, and (v) Plaintiff does not allege any facts to demonstrate a breach of contract or constructive discharge. Defendants further argue that the NYPD is not a proper party and Plaintiff's demand for declaratory relief is moot. Plaintiff opposes Defendants' motion and cross-moves to compel discovery pursuant to CPLR § 3124 and for an order awarding damages and costs pursuant to CPLR § 2308.

## DISCUSSION

On a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994][citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002][internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *aff'd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (*Robinson v Robinson*, 303 AD2d 234, 235 [1st Dept 2003]).

As an initial matter, this action must be dismissed against the NYPD because City agencies are not legally cognizable entities and therefore are not proper parties. Pursuant to Chapter 17, Section 396 of the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law" (NY City Charter § 396). There is no exception for the NYPD (*McCullough v City of N.Y.*, 2022 NY Slip Op 33098[U], *7

[Sup Ct, NY County 2022]). Therefore, the NYPD is not a proper party to the action, and the motion to dismiss the complaint as against it is granted.

## I. Religious Discrimination under the NYSHRL and the NYCHRL

"The State and City Human Rights Laws proscribe employment discrimination" on the basis of religion (*see Syeed v Bloomberg L.P.*, 41 NY3d 446, 451 [2024], citing Executive Law § 296[1][a]; Administrative Code of City of NY § 8–107[1][a]). To plead a cause of action for employment discrimination under the NYSHRL and the NYCHRL, Plaintiff must allege that (1) he is a member of a protected class, (2) he was qualified to hold the position, (3) he suffered adverse employment action or was treated differently than other employees, and (4) that the adverse action or differential treatment occurred under circumstances giving rise to an inference of discrimination (*Harrington v City of New York*, 157 AD3d 582, 584 [1st Dept 2018]; *Herrington v Metro-N. Commuter R. Co.*, 118 AD3d 544, 544 [1st Dept 2014]). Plaintiff's allegation that he was employed by the NYPD for fifteen (15) years without professional penalization or suspension is sufficient to plead that he had an employment relationship and that he was qualified to hold the position (NYSCEF Doc No. 1, verified complaint ¶¶ 1, 14, 16). Plaintiff has also sufficiently pled that he is a member of a protected class and that he was terminated from employment or suffered an adverse employment action (*id.* ¶¶ 20, 68; *see Dall v St. Catherine of Siena Med. Ctr.*, 966 FSupp 2d 167, 177 [EDNY 2013] [Constructive discharge is considered an adverse employment action]).

However, with respect to the final element, Plaintiff pleads only that "when he refused to get vaccinated, the NYPD constructively terminated his employment" (NYSCEF Doc No. 1, verified complaint ¶ 33), Plaintiff's "constructive termination was unlawful retaliation for his refusing to compromise his religious principles" (*id.* ¶ 34), and that "Plaintiff's unexpected constructive termination was nothing more than a pretext to deny Plaintiff his religious rights in Defendant's Marxist and unethical organization" (*id.* ¶ 70). Plaintiff does not advance any facts regarding the period after the denial of his reasonable accommodation request and before the constructive termination to show that the termination was discriminatory or an act of retaliation, nor does he allege any remarks or actions by decisionmakers to show discriminatory intent (*see Brown v City of New York*, 188 AD3d 518, 519 [1st Dept 2020]; *Whitfield-Ortiz v Dep't of Educ. of City of New York*, 116 AD3d 580, 581 [1st Dept 2014]). In short, there are no factual allegations that support a connection between his faith and his alleged constructive termination (*see Askin v Dep't of Educ. of City of New York*, 110 AD3d 621, 622 [1st Dept 2013]["Although plaintiff asserts that defendants' actions were motivated by age-related bias, she does not make any concrete factual allegation in support of that claim, other than that she was 54 years old and was treated adversely under the State law"]). Accordingly, Plaintiff has not pled facts that show that his constructive discharge was motivated by his religion rather than his status as unvaccinated and Plaintiff's legal conclusions are insufficient to state a cause of action under the NYSHRL and the NYCHRL. Thus, Plaintiff's first cause of action is dismissed.

## II. Failure to Engage in Cooperative Dialogue

The NYCHRL makes it an "unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who

**151551/2023  CRONEMEYER, DANIEL vs. THE CITY OF NEW YORK ET AL**                    **Page 3 of 6**
**Motion No.  001**

3 of 6

[* 3]

has requested an accommodation . . . [f]or religious needs" (Administrative Code of City of NY § 8-107[28][a]). Thus, the requirement to engage in a cooperative dialogue is precipitated by the employee's need for a religious accommodation (*see Coronado v Weill Cornell Med. Coll.*, 66 Misc 3d 404, 410 [Sup Ct, NY County 2019] ["Administrative Code § 8-107[28] requires defendants to engage in a cooperative dialogue with plaintiff within a reasonable time after her request for an accommodation"]). In this case, Plaintiff has not alleged facts, beyond bare legal conclusions, that the City's process for resolving his request for an accommodation to the COVID-19 vaccine fell short of the requirements of the NYCHRL regarding cooperative dialogue. The City's process was found to be rational by the Appellate Division, First Department, and Plaintiff has not alleged any facts that show that his particular circumstances demanded "a more robust or individualized dialogue than the process he received" (*Matter of Marstellar v City of New York*, 217 AD3d 543 [1st Dept 2023] *appeal dismissed, leave to appeal denied*, 41 NY3d 960 [2024] ["the City publicly offered public information on its process for reviewing accommodation requests related to the vaccine mandate, and informed employees about how to apply to their agency's Equal Employment Opportunity office and how to appeal denials"]). Despite alleging that "at no point did any member of the NYPD engage the Plaintiff in a cooperative dialogue" (NYSCEF Doc No. 1, verified complaint ¶ 28), Plaintiff availed himself of the reasonable accommodation process that was adopted by the City of New York Reasonable Accommodation Appeals Panel (the "Citywide Panel") and was thus engaged in a cooperative dialogue (*id.* ¶¶ 18, 21, 26; *see also Lynch v Bd. of Educ. of City Sch. Dist. of City of New York*, 221 AD3d 456, 458 [1st Dept 2023] ["DOE employees were informed how to apply for religious accommodations and appeal denials, petitioner 'availed h[er]self of this process, the [DOE] explained why h[er] application did not qualify for an accommodation, . . . [and] the parties further engaged in the administrative appeals process,' [. . .] such that petitioner "has not established that, under these circumstances, the City HRL required a more robust or individualized dialogue than the process [s]he received"]). As such, Plaintiff has not stated a cause of action for failure to engage in a cooperative dialogue and Plaintiff's second cause of action is dismissed.

### III.     Declaratory Judgment

Pursuant to CPLR § 3001, "the supreme court may render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR § 3001). To constitute a justiciable controversy, "there must be a real dispute between adverse parties, involving substantial legal interest for which a declaration of rights will have some practical effect" (*Belli v New York City Dep't of Transportation*, 200 AD3d 402 [1st Dept 2021]; *Touro Coll. v Novus Univ. Corp.*, 146 AD3d 679, 680 [1st Dept 2017]). Because the COVID-19 vaccine mandate was rescinded in February 2023 by Mayor Eric Adams, there is no present controversy between the parties regarding the requirement to be vaccinated (*see New York City Mun. Lab. Comm. v Adams*, 222 AD3d 437, 438 [1st Dept 2023]). As such, Plaintiff's third cause of action must be dismissed.

### IV.     Violation of the New York State Constitution

Generally, plaintiffs do not have a private right of action under the State Constitution (*Berrio v City of New York*, 212 AD3d 569, 569–70 [1st Dept 2023]). A cause of action for violation of the New York State Constitution arises only where it is necessary to ensure full

**151551/2023   CRONEMEYER, DANIEL vs. THE CITY OF NEW YORK ET AL**                    **Page 4 of 6**
**Motion No.  001**

4 of 6

[* 4]

realization of a claimant's constitutional rights (*Brown v State of New York*, 89 NY2d 172, 186 [1996]; *Martinez v City of Schnectady*, 97 NY2d 78, 83-84 [2001]). Hence, New York limits recovery for state constitutional violations to circumstances where no alternate remedy is available (*Lyles v State*, 2 AD3d 694, 695 [2d Dept 2003], *affd*, 3 NY3d 396 [2004] ["In the present case, the recognition of the claimant's state constitutional claims was neither necessary nor appropriate to ensure the full realization of his rights, because the alleged wrongs could have been redressed by an alternative remedy"]). Where statutory or common law remedies are available to ensure a Plaintiff's constitutional rights, a cause of action under State Constitution is not necessary or appropriate (*Brown*, 89 NY2d at 186, *supra*; *Martinez*, 97 NY2d at 83-84, *supra*; *Berrio*, 212 AD3d at 569–570, *supra*). In this instance, Plaintiff has recourse to both statutory and common law remedies, including the option to commence a special proceeding under Article 78. As such, recognizing a separate claim under the New York State Constitution is neither necessary nor warranted. Consequently, Plaintiff's fourth cause of action is dismissed.

## V. Breach of Contract – Constructive Termination

Plaintiff's fifth cause of action is styled as a cause of action for "Breach of Contract - Constructive Termination" (NYSCEF Doc No. 1, verified complaint at 11). To state a claim for breach of contract Plaintiff must allege: (1) the existence of a contract; (2) that Plaintiff performed in accordance with the contract; (3) Defendants' breach of contract; and (4) resultant damages (*34-06 73, LLC v. Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]). The essential elements of an employment contract include the identity of the parties and the terms of employment, including the commencement date, the duration of the contract, and the salary (*Elite Tech. N.Y. Inc. v Thomas*, 70 AD3d 506, 507 [1st Dept 2010]). Plaintiff's complaint alleges that "Plaintiff was employed by defendant under a contract of employment," that "Defendant could only terminate Plaintiff pursuant to terms of that contract," and that "Defendant failed to comply with any term or provision of the contract as it relates to Plaintiff's constructive termination" (NYSCEF Doc No.1, verified complaint ¶¶ 66, 67). Plaintiff alleges further that "[o]n or about August 30, 2022, despite the absence of any contractual termination event, Defendants constructively terminated Plaintiff," and that "at no point did Defendants follow the law or the contract" (*id*. ¶¶ 68, 69). Plaintiff fails to identify the parties to the contract or the terms of his employment, including when the employment contract commenced, the contract's duration, or Plaintiff's compensation. As such, Plaintiff's legal conclusions are insufficient to plead a cause of action for breach of contract. Further, these bald allegations are insufficient to state a cause of action for constructive termination, which requires an allegation that the employer "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" (*Mascola v City Univ. of New York*, 14 AD3d 409, 410 [1st Dept 2005]). Accordingly, Plaintiff's fifth cause of action is dismissed.

## VI. Aiding and Abetting

The last of Plaintiff's employment claims is aiding and abetting by Melocowsky. Under NYCHRL, "it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so" (Administrative Code of City of NY § 8-107[6]). To state a cause of action for aiding and abetting, Plaintiff must plead facts sufficient to show that Melocowsky was aware of the discrimination and

**151551/2023 CRONEMEYER, DANIEL vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 5 of 6

5 of 6

participated or condoned it (*Ajoku v New York State Off. of Temp. & Disability Assistance*, 198 AD3d 437, 438 [1st Dept 2021]). An individual cannot aid and abet their own conduct, and without an underlying claim of discrimination, there can be no liability for aiding and abetting (*Poolt v Brooks*, 38 Misc3d 1216[A] [Sup Ct, NY County 2013]). Plaintiff's aiding and abetting cause of action fails because Plaintiff has not stated a viable underlying cause of action for discrimination and Melocowsky cannot aid and abet his own conduct. Accordingly, Plaintiff's sixth cause of action is dismissed.

## VII. Attorney's Fees

Although a Plaintiff may be awarded attorney's fees under the NYSHRL and the NYCHRL, a claim for attorney's fees may not be maintained as a separate cause of action (*La Porta v Alacra, Inc.*, 142 AD3d 851, 853 [1st Dept 2016]); *Pier 59 Studios L.P. v Chelsea Piers L.P.*, 27 AD3d 217 [1st Dept 2006]). Therefore, Plaintiff's seventh cause of action must be dismissed.

Because Plaintiff's complaint is dismissed in its entirety, Plaintiff's cross-motion is rendered moot.

Accordingly, it is hereby

ORDERED that the Defendants' motion to dismiss this action is granted and the complaint is dismissed with prejudice; and it is further;

ORDERED that the Clerk is directed to enter judgment in favor of Defendants dismissing this action, together with costs and disbursements to defendant the City of New York, as taxed by the Clerk upon presentation of a bill of costs; and it is further

ORDERED that Plaintiff's cross-motion is denied as moot.

This constitutes the decision and order of the court.

20250221140429HK1NG077E... B6A2C4B1990E5B241EA590D8E

| | | | | |
|---|---|---|---|---|
| **2/21/2025** | | | | |
| **DATE** | | | **HASA A. KINGO, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151551/2023   CRONEMEYER, DANIEL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 6 of 6