■ Karen Dosanjh, Respondent, v Satori Laser Center Corp., Doing Business as Satori Laser Hair Removal, Inc., Appellant. [6 NYS3d 550]—

Order, Supreme Court, New York County (Manuel J. Mendez,

J.), entered February 25, 2014, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff seeks to raise the inference of negligence by the application of the doctrine of res ipsa loquitur. However, she failed to present expert evidence, or any other evidence, to establish that the burns she allegedly suffered as the result of a laser hair removal treatment were the kind of injuries that ordinarily do not occur in the absence of negligence (*see Seung Ja Cho v In-Chul Song*, 286 AD2d 248 [1st Dept 2001], *lv denied* 97 NY2d 610 [2002]). Indeed, the "Treatment Consent and Release" she signed included among the risks of the treatment "discomfort, redness, [and] blistering," which suggests that burns resulting in redness and scarring may be common side effects of laser hair removal. Without expert testimony or other evidence as to the standard of care in performing laser hair removal and the known risks of the procedure, there is no evidentiary basis for a conclusion that the presence of the burns inescapably demonstrates negligence (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 212 [2006]). Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.