■ Caroline Marshall, Appellant, v Darrick E. Antell, MD, P.C., et al., Respondents. [47 NYS3d 275]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about February 29, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

While defendant nurse owed a duty of care to plaintiff in the ordinary negligence context when she was assisting plaintiff in plaintiff's home after a surgical procedure (*see Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787-788 [1996]; *Coursen v New York Hosp.-Cornell Med. Ctr.*, 114 AD2d 254, 256-257 [1st Dept 1986]), the evidence does not show that she breached the duty. There is no evidence to indicate that she acted unreasonably in

retrieving the blender from the top shelf of the kitchen cabinet. Nor could she have known that an unsecured blade was in the bowl, as plaintiff did not warn her of the hazard. Under the circumstances presented, it was plaintiff's own negligence in storing the blade and failing to warn that was the sole proximate cause of her injuries (*see Howard v Poseidon Pools*, 72 NY2d 972 [1988]).

Absent negligence on the nurse's part, the respondeat superior claim against her employer was properly dismissed (*see Moorhouse v Standard, N.Y.*, 124 AD3d 1, 12 [1st Dept 2014]). Furthermore, since the nurse was acting within the scope of her employment, plaintiff's claim for negligent hiring, supervision, and training fails (*see Karoon v New York City Tr. Auth.*, 241 AD2d 323 [1st Dept 1997]). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.