Tropeano v Sandhu (2018 NY Slip Op 04967)





Tropeano v Sandhu


2018 NY Slip Op 04967


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


7060 161062/13

[*1]Frederick Tropeano, et al., Plaintiffs-Appellants,
v
Jaspreet Sandhu, M.D., et al., Defendants-Respondents.


The Law Firm of Ravi Batra, P.C., New York (Ravi Batra of counsel), for appellants.
Dopf, P.C., New York (Martin B. Adams of counsel), for respondents.



Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered May 11, 2017, which, upon granting defendants' motion for a directed verdict, dismissed the complaint, unanimously affirmed, without costs.
Plaintiff Frederick Tropeano, after suffering prostate cancer and undergoing surgery, sought treatment for resulting urinary leakage difficulties. Defendant Jaspreet Sandhu, M.D., recommended and implanted an artificial urinary sphincter (AUS) device, which did not function properly. Plaintiff underwent a second surgical procedure to have the damaged device replaced.
Plaintiff's expert did not specifically opine as to whether Dr. Sandhu departed from a specific standard of accepted medical practice and thus, the trial court correctly granted defendants' motion for a directed verdict. The conduct at issue here, which involved the implantation of a technologically challenging device, is not within the knowledge of a lay jury. Nor could the jury discern, without expert testimony, whether this was a known risk or the occurrence of negligence (Calcagno v Orthopedic Assoc. Of Dutchess County, PC, 148 AD3d 1279 [3rd Dept 2017]; see also Dosanjh v Satori Laser Center Corp., 127 AD3d 531 [1st Dept 2015]).
The trial court also properly dismissed plaintiffs' claim for lack of informed consent. Plaintiff testified that he was advised of the risks, benefits and alternatives to the surgery, and his expert failed to demonstrate that the information disclosed to plaintiff was insufficient (see Orphan v Pilnik, 15 NY3d 907, 908 [2010]; Public Health Law § 2805-d [1], [3]).
We have considered plaintiffs' remaining contentions and finds them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK