Berkowitz v Equinox One Park Ave., Inc. (2020 NY Slip Op 01553)





Berkowitz v Equinox One Park Ave., Inc.


2020 NY Slip Op 01553


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11203 26431/15E

[*1] Wendy Berkowitz, Plaintiff-Respondent,
v
Equinox One Park Avenue, Inc., Defendant-Appellant, Equinox Holdings LLC, et al., Defendants.


LaRocca Hornik Rosen & Greenberg LLP, New York (Sherry S. Hamilton of counsel), for appellant.
Ogen & Sedaghati, P.C., New York (Eitan Alexander Ogen of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered on March 6, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Equinox One Park Avenue, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously modified, at the law, the motion granted as to the causes of action for failure to provide informed consent and negligent hiring, supervision, and training, and otherwise affirmed, without costs.
Defendant failed to establish its entitlement to summary judgment on the entire complaint. When the "gravamen of the action concerns the alleged failure to exercise ordinary and reasonable care to insure that no unnecessary harm befell the patient, the claim sounds in ordinary negligence" (D'Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d 848, 851 [2d Dept 2008][internal quotation marks omitted]). Here, plaintiff alleged that defendant "failed to perform the services in a competent and professional manner," and "failed to properly test, perform services, and perform laser hair removal and treat plaintiff." Although defendant offered an expert affidavit in support of its motion, plaintiff raised an issue of fact by submitting photographs of her injuries and provided testimony attesting to the effects and injuries arising from defendant's alleged negligence. Thus, defendant's motion for summary judgment as to plaintiff's first cause of action for negligence was properly denied since the laser treatment was not medical in nature and did not involve "specialized knowledge of medical science or diagnosis and instead seeks to hold [defendant] liable for failing to exercise reasonable care" (id. at 851-852).
The causes of action for failure to provide informed consent and negligent hiring, supervision, and training should have been dismissed. Plaintiff's informed consent claim is not based on treatments that are medical procedures. Moreover, plaintiff failed to establish that the employee acted outside the scope of
her employment and as such, plaintiff's claim for negligent hiring, supervision and training cannot be sustained (Marshall v Darrick E. Antell, MD, P.C., 147 AD3d 478, 479 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK