Estrella v East Tremont Med. Ctr. (2021 NY Slip Op 02451)





Estrella v East Tremont Med. Ctr.


2021 NY Slip Op 02451


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 28030/18E Appeal No. 13634 Case No. 2020-03688 

[*1]Reinaldo Estrella, Plaintiff-Appellant,
v
East Tremont Medical Center et al., Defendants-Respondents.


Manuel D. Gomez, New York, for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Joseph Capella, J.), entered October 18, 2019, dismissing the complaint pursuant to CPLR 3012-a, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for further proceedings in accordance with this decision.
As defendants concede, reversal is warranted in light of Fortune v New York City Health & Hosps. Corps. (193 AD3d 138 [1st Dept 2021]), in which we held that there is no automatic dismissal of an action under CPLR 3012-a for failure to timely file a certificate of merit.
Contrary to defendants' contention, the motion court properly determined that the action was within the statute of limitations pursuant to CPLR 205(a). The prior action had been dismissed under CPLR 3215(c) for plaintiff's failure to proceed to entry of judgment within one year of default, nor did the court include any findings of specific conduct demonstrating "a general pattern of delay in proceeding with the litigation," as required by statute to establish neglect to prosecute (see CPLR 205[a]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198-199 [2d Dept 2017], appeal dismissed 29 NY3d 1023 [2017]).
We remand the matter for determination of the remaining branch of defendants' motion to dismiss pursuant to CPLR 3211(a)(5) for lack of personal jurisdiction, which the court deemed moot and did not address. While plaintiff's affidavits of service constituted prima facie evidence of proper service upon defendants, the affidavits of Randy Pierantoni and Guy Renvoize, M.D., raised questions of fact regarding service of process that must be resolved at a traverse hearing (see Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 412 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021