Mishli v Advanced Dermatology Laser & Cosmetic Surgery, P.C. (2024 NY Slip Op 04386)

Mishli v Advanced Dermatology Laser & Cosmetic Surgery, P.C.

2024 NY Slip Op 04386

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-07776
2022-07778
 (Index No. 508821/14)

[*1]Itamar Mishli, appellant, 
v
Advanced Dermatology Laser and Cosmetic Surgery, P.C., et al., respondents.

Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, New York, NY (Joshua R. Cohen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, lack of informed consent, and negligence, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 1, 2022, and (2) a judgment of the same court dated August 17, 2022. The order, insofar as appealed from, upon granting that branch of the defendants' motion which was to preclude the plaintiff from offering expert testimony at trial for failure to comply with CPLR 3101(d)(1)(i), granted that branch of the defendant's motion which was to dismiss the causes of action alleging negligence and lack of informed consent. The judgment, insofar as appealed from, upon the order, is in favor of the defendants and against the plaintiff dismissing the causes of action alleging negligence and lack of informed consent.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action alleging negligence; as so modified, the judgment is affirmed insofar as appealed from, that branch of the defendants' motion which was to dismiss the cause of action alleging negligence is denied, the order is modified accordingly, and the cause of action alleging negligence is reinstated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In September 2014, the plaintiff commenced this action against the defendants to recover damages for medical malpractice, lack of informed consent, and negligence, alleging, inter alia, that as a result of the negligent performance of laser hair removal treatment by the defendants, the plaintiff sustained scarring and second-degree burns.
In May 2022, the defendants moved to preclude the plaintiff from offering expert testimony at trial for failure to comply with CPLR 3101(d)(1)(i) and to dismiss the complaint on the ground that plaintiff would be unable to establish a prima facie case without expert testimony. By order dated August 1, 2022, the Supreme Court, upon granting that branch of the defendants' motion which was to preclude the plaintiff from offering expert testimony at trial, granted that branch of the defendants' motion which was to dismiss the complaint. In a judgment dated August 17, 2022, upon the order, the court, among other things, dismissed the causes of action alleging negligence and lack of informed consent. The plaintiff appeals.
The Supreme Court erred in dismissing the negligence cause of action on the ground that the plaintiff could not establish a prima facie case in the absence of the testimony of an expert witness. At trial, the plaintiff may, through the testimony of his treating physician, records, or "other evidence," be able to establish "the standard of care in performing laser hair removal and the known risks of the procedure" (Dosanjh v Satori Laser Ctr. Corp., 127 AD3d 531, 532; see Jing Xue Jiang v Dollar Rent a Car, Inc., 91 AD3d 603, 604). Therefore, contrary to the court's determination, although the plaintiff is precluded from offering the testimony of an expert witness whose identity must be disclosed pursuant to CPLR 3101(d)(1)(i), at this juncture, it cannot be determined that the plaintiff will be unable to establish a prima facie case of negligence (see generally Berkowitz v Equinox One Park Ave., Inc., 181 AD3d 436, 437).
Under the circumstances of this case, as the plaintiff has abandoned the cause of action alleging medical malpractice, the cause of action alleging lack of informed consent was properly dismissed (see id.).
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court