| |
|:---:|
| **Moore v NYU Plastic Surgery Assoc.** |
| 2026 NY Slip Op 30854(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 153408/2024 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MATTHEW V. GRIECO**      PART      **30M**

*Justice*

-------------------------------------------------------------------X

TAL MOORE,

           Plaintiff,

       - v -

NYU PLASTIC SURGERY ASSOCIATES, NYU LANGONE
HEALTH, AMANDA YOUNG, NP

           Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153408/2024 |
| MOTION DATE | 11/20/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for                 DISMISS                 .

Upon the foregoing documents, and for the reasons stated *infra*, defendants' motion to dismiss the complaint for failure to file a certificate of merit under CPLR 3012-a, or in the alternative, to compel the filing of a certificate of merit, is denied.

Plaintiff commenced this action on April 12, 2024 against defendants NYU Plastic Surgery Associates, NYU Langone Health, and Amanda Young, NP (NYSCEF Doc. No. 1). Defendants answered, and raised as an affirmative defense plaintiff's failure to file a certificate of merit pursuant to CPLR 3012-a (NYSCEF Doc. Nos. 6-8).

By notice dated May 13, 2024, defendants demanded plaintiff provide a certificate of merit (NYSCEF Doc. No. 27).

On November 20, 2025, defendants moved to dismiss the complaint for failure to file a certificate of merit under CPLR 3012-a, or in the alternative, to compel the filing of a certificate of merit and transfer the action to a medical malpractice part (NYSCEF Doc. Nos. 23-24). Plaintiff opposed, asserting that the complaint sounds in ordinary

[* 1]

negligence, not medical malpractice, and therefore a CPLR 3012-a certificate is unnecessary (NYSCEF Doc. No. 35). Defendants replied (NYSCEF Doc. No. 37).

CPLR 3012-a provides:

> (a) In any action for medical ... malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that: (1) the attorney has reviewed the facts of the case and has consulted with at least one physician ... who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or (2) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because a limitation of time, established by article two of this chapter, would bar the action and that the certificate required by paragraph one of this subdivision could not reasonably be obtained before such time expired. If a certificate is executed pursuant to this subdivision, the certificate required by this section shall be filed within ninety days after service of the complaint; or (3) the attorney was unable to obtain the consultation required by paragraph one of this subdivision because the attorney had made three separate good faith attempts with three separate physicians, ... in accordance with the provisions of paragraph one of this subdivision to obtain such consultation and none of those contacted would agree to such a consultation.

The parties agree that "the distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two" (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787 [1996] [internal quotes omitted]), but diverge in their view of where this case falls.

The distinction between the two types of actions:

> lies in the nature of the acts or omissions underlying each cause of action. A cause of action for medical malpractice involves a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or involving a consideration of professional skill and judgment.
> By contrast, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the [medical provider's] failure in fulfilling a different duty, the claim sounds in negligence [*Bledsoe v Center for Human Reproduction*, 228 AD3d 96, 99 (1st Dept 2024)].

153408/2024  MOORE, TAL vs. NYU PLASTIC SURGERY ASSOCIATES ET AL
Motion No. 001

Page 2 of 4

Here, the complaint (NYSCEF Doc. No. 1), as amplified by the bill of particulars (NYSCEF Doc. No. 16), alleges that defendants negligently performed a laser hair removal procedure on plaintiff on September 20, 2022, as a result of which she suffered blistering and burning in a sensitive area. Plaintiff alleges, *inter alia*, that defendants failed to properly examine and assess her skin and hair type and color, failed to apply a sufficient amount of gel to her skin, failed to properly monitor the procedure, failed to properly calibrate the laser settings, failed to properly maintain the equipment, left the laser mechanism in the same location on the skin for too long, and failed to follow manufacturer's recommendations and warnings (NYSCEF Doc. No. 16 at 2-4).

In *Berkowitz v Equinox One Park Ave., Inc.* (181 AD3d 436, 437 [1st Dept 2020] [internal quotes omitted]), the First Department held that similar allegations of failure "to properly test, perform services, and perform laser hair removal and treat plaintiff" in a competent and professional manner sounded in ordinary negligence, and that "the laser treatment was not medical in nature and did not involve specialized knowledge of medical science or diagnosis" (*see also Mishli v Advanced Dermatology Laser and Cosmetic Surgery*, 230 AD3d 1137, 1138 [2d Dept 2024] [reinstating negligence cause of action for laser hair removal procedure resulting in scarring and burns where, even though the plaintiff had been precluded from offering expert testimony for failure to comply with CPLR 3101(d)(1), he could, "through the testimony of his treating physician, records, or other evidence, be able to establish the standard of care in performing laser hair removal and the known risks of the procedure" [internal quotes omitted]; the plaintiff had abandoned the cause of action alleging medical malpractice]).

**153408/2024  MOORE, TAL vs. NYU PLASTIC SURGERY ASSOCIATES ET AL**
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

In light of that guiding authority, plaintiff's claims here should be deemed to sound in ordinary negligence, not medical malpractice. Accordingly, there was no requirement to file a certificate of merit under CPLR 3012-a. This Court notes that, even if a certificate of merit had been mandated, the proper sanction would have been to direct plaintiff to make the filing within 30 days, not dismissal of the action (*see Fortune v New York City Health and Hosps. Corp.*, 193 AD3d 138 [1st Dept 2021]; *Estrella v East Tremont Med. Ctr.*, 193 AD3d 567 [1st Dept 2021]).

It is therefore

ORDERED that the motion to dismiss is denied; and it is further

ORDERED that counsel are directed to appear for a preliminary conference in Room 623, 111 Centre Street, New York, New York, on April 21, 2026 at 10:00 a.m.

This constitutes the decision and order of the Court.

| 3/6/2026 | | | | | |
|---|---|---|---|---|---|
| DATE | | | | MATTHEW V. GRIECO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | [X] | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | [X] DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

153408/2024  MOORE, TAL vs. NYU PLASTIC SURGERY ASSOCIATES ET AL
Page 4 of 4
Motion No. 001

4 of 4